Frank A. Gulotta, J.
These are five motions and cross motions, all of which involve the same point, viz.: Does the fact that a contractor disputes the validity or amount of a subcontractor’s or a materialman’s claim, justify his refusal to furnish a verified statement showing the disposition of trust funds which he has received from the owner of property in connection with a real property improvement?
The question comes up in various ways. In each instance the subcontractor or materialman has served a demand for a statement pursuant to section 76 of the Lien Law.
In Fontaine Bleau Swimming Pool Corp., petitioner, against Aquarama Swimming Pool Corp., respondent, petitioner moves for an order to compel compliance with its demand. Although respondent could have moved to vacate the demand, there is no penalty provided for his not having done so and therefore the application will be considered on the merits.
I take it that the provision made in subdivision 5 of section 76 of the Lien Law for opposing the application “ on the ground that petitioner is not entitled to it”, refers to a case where petitioner is a mere interloper Avhom the court can determine in summary fashion has no right to the information he seeks, as for instance, one who supplied no materials or labor which would constitute him a beneficiary of a trust Avithin the meaning of article 3-A of the Lien Law. It does not seem reasonable that it was intended by this provision to have the court pretry the petitioner’s cause of action and go into the merits of such questions as: How much is due? Was the work up to specifications? etc.
Under subdivision 4 of section 71 in substance a beneficiary is defined as a person having a claim on trust assets, although the exact language used is a little muddled in that it uses a legal conclusion to define such persons instead of a factual test.
The right to examine books Avhich was formerly confined to judgment creditors under section 36-e Avas repealed in the 1959 general revamping of article 3-A and the Avhole purpose of *317 these amendments seems to have been a strengthening of the procedures for keeping trust funds intact and not a weakening of them.
Therefore, since the respondent’s only defense is that it paid for the work, petitioner is entitled to the relief sought. The validity of the defense will be decided in the pending action.
In Bel Aqua Pool Supply, Inc., petitioner, against Ocean Blue Pools, Inc., respondent, the petitioner moves to vacate a material-man’s six demands and he cross-moves to enforce them. The existence of a pending suit does not detract from a supplier’s right to information. In fact section 78 and section 79 both contemplate that there may be other actions, either to collect the debt (§ 78) or to foreclose a mechanic’s lien (§ 79). Therefore, the motion is denied and the cross motion granted.
In Exner Sand & Gravel Corp., petitioner, against Ocean Blue Pools, Inc., respondent, the supplier also moves to vacate a demand and Exner moves to enforce it. This motion involves the same point and is denied, and the cross motion granted for the reasons heretofore indicated.
Submit three orders', one to cover each combined motion and cross motion, and the third to cover the remaining motion.