James J. Conroy, J.
Petitioner performed certain work, labor and services as a contractor in connection with the construction of a building owned by the respondent David Silverstein and another, doing business as Bruce Operating Co. Petitioner *511 served a written notice, dated June 8, 1961, pursuant to clause (b) of subdivision 1 of section 76 of the Lien Law, which requested the respondent David Silverstein and Bruce Operating, Inc. [sic] “to serve within ten days a verified statement setting forth the entries with respect to the trusts hereinbelow mentioned contained in the books and records required to be kept by the trustee pursuant to Section 75 of the Lien Law, including therein the names and addresses of the person or persons who, on behalf of or as officers, directors, or agents of the trustee, made or consented to the making of the payments shown in such statement. ’ ’
A statement was not served, and the petitioner now makes an application, pursuant to subdivision 5 of section 76 for an order directing the respondents to comply with this aforesaid request. Respondent, in addition to opposing the application of the petitioner, cross-moves, pursuant to subdivision 5 of section 76, to vacate the petitioner’s request.
It is not disputed that the petitioner performed work pursuant to a contract with Bruce Operating Co. in a building owned by Bruce, which received mortgage funds for use in the construction of that building. The petitioner contends that respondent Silverstein, as one of the owners of Bruce Operating Co., is a trustee as defined in subdivision 5 of section 70 of the Lien Law, and that pursuant to subdivision 1 of the aforesaid section, certain of the funds that Bruce received in connection with the construction of the building constitute assets of a trust. Petitioner further contends that it is a beneficiary of the trust as defined in subdivision 4 of section 71, and as such it is entitled to a verified statement setting forth the entries with respect to the trust, pursuant to the provisions of section 76 of the Lien Law.
Respondent Silverstein contends that section 76 of the Lien Law is not applicable as the petitioner instituted an action for breach of contract in the City Court in which a counterclaim for damages, sustained because of alleged defective performance by the petitioner, was interposed; that petitioner has filed a mechanic’s lien and has not instituted an action to foreclose it; that Bruce Operating Co. is not insolvent and, therefore, should not be compelled to serve the statement requested, and that the service thereof would present an almost impossible task, requiring the expenditure of substantial sums for accounting and typing.
The court has carefully read all the provisions of article 3-A of the Lien Law, as well as the study by the Law Revision Commission submitted to the Legislature in support of the *512 enactment of article 3-A (1959 Report of N. Y. Law Rev. Comm., p. 185 et seq.; N. Y. Legis. Doc., 1959, No. 65 [F]) and is of the opinion that section 76 of the Lien Law is applicable to the instant case, and that none of the grounds urged for denial of the petition has any merit.
Accordingly, the petitioner’s application is granted and the respondent’s cross motion is denied. The respondent Silver-stein will serve a verified statement as requested by the petitioner within a time after service of a copy of the order to be entered hereon to be specified in said order.