James J. Conroy, J.
The petitioner, Seville Iron Works, Inc., renews its motion, previously denied without prejudice, for an order directing the Devine Construction Company, Inc., and Mehran W. Davidian, as trustees, to furnish petitioner with a statement pursuant to section 76 of the Lien Law.
It is not disputed that petitioner, as subcontractor, performed certain work on the real property located at 2362 Third Avenue, New York City, and that respondent Devine Construction Company, Inc., received $13,500 from the owner of the premises for work done thereon. The petitioner has attached to its moving papers as an exhibit a letter from the attorney for the owner of said premises, an apparently disinterested third party, stating that the owner has paid to the Devine Construction Company, Inc., the sum of $13,500 on account of a contract between the owner and the Devine Construction Company, Inc., for work performed on the premises.
*798 Respondents contend that the petitioner is not entitled to a verified statement on the ground that there is no trust fund existing, for nowhere in the letter from the owner’s attorney to petitioner does it appear that the moneys were paid to respondents as a trust fund for the benefit of the petitioner.
Article 3-A of the Lien Law provides inter alia that funds received by a contractor in connection with a contract for the improvement of real property shall constitute assets of a trust and that the contractor shall be the trustee of such funds. (Lien Law, § 70, subds. 1, 2.) Section 71 (subd. 3, par. [b]) provides that with respect to the trusts of which a contractor is trustee, trust claims “ means claims arising at any time for payments for which the trustee is authorized to use trust funds as provided in subdivision two of this section.” Subdivision 2 (par. [a]) of section 71 provides in part that trust assets are to be held and applied for the payment of claims to a class in which a subcontractor is included. It is clear, therefore, that a claimant need not be specifically named as a beneficiary, but that he is beneficiary by operation of law. As a beneficiary he is entitled to a verified statement as provided by section 76 of the Lien Law. A claimant may be deprived of his right to a verified statement only if he is a mere interloper who the court can determine in summary fashion has no right to the information he seeks. (Matter of Fontaine Bleau Swimming Pool Corp. v. Aquarama Swimming Pool Corp., 27 Misc 2d 315 [1961].) The petitioner in this application is not a mere interloper, but rather is a beneficiary entitled to a verified statement pursuant to section 76 of the Lien Law. (See Matter of Annenberg Marble Corp. v. Silverstein, 30 Misc 2d 510.) The motion is accordingly granted.