Louis G. Bruhn, J.
This is a motion on behalf of the plaintiff for directions and for an order under article 3-A of the Lien Law of the State of New York and section 76 thereof.
The moving party has indicated to the court that the Comptroller or Attorney-General has already complied with paragraphs “ 1 ” and “ 2 ” of the notice so that in the event of any order it shall be directed only to the defendants, Slattery Contracting Co., Inc., Slattery Tunnel Corporation, Smith Construction Company of New Rochelle and Pelham, Inc. and Varrone and Di Napoli, Inc.
The defendants, Slattery Contracting Co., Inc. and Slattery Tunnel Corporation, resist the application on several grounds.
They contend that the plaintiff’s moving papers do not comply with the provisions and requirements of section 76 of the Lien Law in that: “ (1) no request was made for a statement, pursuant to Section 76 of the Lien Law, (2) under the provisions of Section 76, subdivision 5 of the Lien Law a request for a statement is a condition precedent to an application for a Court Order, (3) the furnishing of a statement under the provisions of Section 76 has no application to an action brought, pursuant to Section 77, and (4) the request pursuant to Subdivision 1 of .Section 77 of the Lien Law must be made by the beneficiary and not its attorney and the beneficiary (not its attorney) must furnish the statement required by Subdivision 2 of Section 76.”
This court cannot agree that the provisions of section 76 have no application to an action brought pursuant to section 77 of the Lien Law.
Since the plaintiff herein is a beneficiary by operation of law it is entitled to a verified statement pursuant to section 76 whether it has instituted a proceeding pursuant to section 77 or not. (Matter of Seville Iron Works v. Devine Constr. Co., 32 Misc 2d 797.)
However, this court is impressed with the other objections raised and does not agree that the procedure is comparable to that involving bills of particulars.
Apparently the Legislature in its wisdom felt an effort should first be made to obtain the information sought by mere demand and without resort to the courts save in cases of noncompliance.
Since no request was “ served as provided in this section” this court has no power to now grant the order sought. (Matter of Hansen Excavating Co. v. Comet Constr. Corp., 14 A D 2d 911.)
*1085 Any direction by this court with regard to production or examination of any books or records of any trustee pursuant to subdivision 6 of section 76 would be premature, at least, until it is established that there is or is not to be compliance.
On that proposition it might be well to point out that this court is of the opinion that size or magnitude of a contract does not per se bring forth any exceptions to the records mandated to be kept in situations of this type and following proper demand compliance must be made or rather serious consequences may ensue. (§ 75, subd. 4.) Section 75 of the Lien Law seems to define rather specifically the information which may be requested and which must be supplied pursuant to section 76 and very little, if any, discretion exists in the court to allow any variance.
Incidentally, the further arguments advanced by the defendants concerning possible cost in supplying the statement requested is not a valid one. (Matter of Annenberg Corp. v. Silverstein, 30 Misc 2d 510.)
Furthermore, section 76 is specific in its directions regarding the party by whom the request must be made and by whom it must be complied with.
Therefore, for the reasons stated the motion herein is denied without prejudice to a renewal following compliance with the provisions of section 76 as indicated.