Nicholas M. Pette, J.
This is an application for an order, pursuant to subdivision 5 of section 76 of the Lien Law, directing the respondent 3425-150th Place Corp. to comply with the petitioner’s request for a verified statement. The said respondent moves to vacate the demand.
The respondent is the owner of real property located in the County of Queens. Petitioner furnished services and materials in connection with the improvement of the said real property with the knowledge and consent of the owner. The respondent received the proceeds of mortgage loans in order to finance the cost of the building and the petitioner contends that the respondent is a trustee within the meaning of article 3-A of the Lien Law. Respondent contends that it is not such a trustee since the petitioner was merely a subcontractor who had no contractual relationship with it.
Subdivision 1 of section 76 of the Lien Law provides that “ Any beneficiary of the trust holding a trust claim shall be entitled, upon request * * * to receive a verified statement setting forth the entries with respect to the trust contained in such books or records ”. Subdivision 4 of section 71 of that law provides for “ Persons having claims for payment of amounts for which the trustee is authorized to use trust assets as provided in this section are beneficiaries of the trust whether or not they have filed or had the right to file a notice of lien Subdivision 1 of the same section provides that “ The trust assets of which an owner is trustee shall be held and applied for payment of the cost of improvement ”.
Accordingly the respondent owner is a trustee of a trust, the assets of which constitute the mortgage proceeds received. The petitioner is a beneficiary of that trust since it is a person having a claim for which the trustee is authorized to use the trust assets.
Moreover, it appears that the petitioner may be the holder of a “ trust claim ” since it is a subcontractor, the claim of which arose out of the improvement for which the owner is allegedly obligated. (Lien Law, § 71, subd. 3, par. [a].) A claimant may be deprived of his right to a verified statement only if he is a mere interloper, who the court can determine in summary fashion has no right to the information he seeks. (Matter of Seville Iron Works v. Devine Constr. Co., 32 Misc 2d 797.)
*23 In the case at bar, the court cannot make such a determination. It appears from the affidavits presented that the petitioner is a beneficiary entitled to a verified statement. Petitioner’s application is granted and the respondent’s application is denied. The respondent will provide a verified statement setting forth the entries with respect to the trust contained in the books or records kept by it, pursuant to section 75 of the Lien Law. Such statement shall be served within 10 days of the service of a copy of the order to be entered hereon.