Bernard S. Meter, J.
This application seeks vacation of a demand made pursuant to section 76 of the Lien Law for a statement. The basis of the application is that the materialman who made the demand did not furnish any materials to Bill King, the individual upon whom the demand was made, although the moving affidavit suggests that such materials may have been furnished to a corporation, Bill King Sewers, Lac. Nothing in article 3-A of the Lien Law requires that there be privity between the trustee and the beneficiary, nor does section 76 establish privity as a qualification of a person entitled to demand a statement. The relevant inquiries are: (1) is the person, firm or corporation making the demand a beneficiary as defined in subdivision 4 of section 71, (2) is the person, firm or corporation upon whom or upon which the demand is made a trustee as defined in section 70, (3) is the claim referred to in the demand a “ trust claim ” as defined in subdivision 3 of section 71, (4) has the trust claim been payable for more than 30 days (§76, subd. 1). Applicant does not establish that the improvements to which the demand refers were not made by him individually, does not dispute that the materialman supplied materials that went into those improvements and, therefore, has a trust claim and is a beneficiary, does not deny that the required 30 days has passed. The application is denied and the “ cross motion” *114 (which will he treated as an application under subdivision 5 of section 76 for an order directing compliance) is granted. (See Matter of Fontaine Bleau Swimming Pool Corp. v. Aquarama Swimming Pool Corp., 27 Misc 2d 315; Harry J. Kangieser, Inc., v. Palm Beach Realty Co., 223 N. Y. S. 2d 38.)