Louis B. Heller, J.
Petitioner beneficiary designated herein as plaintiff moves pursuant to subdivision 5 of section 76 of the Lien Law for an order to compel respondent, allegedly a trustee, named herein as a defendant, H. A. Levanne Company of Long Island, Inc., to serve a verified statement.
Petitioner alleges that it supplied plumbing material and plumbing work for the improvement being erected by respondents Brooklyn Women’s Hospital Inc. and Maternity Hospital Society of Brownsville and East New York Inc., as owners, and H. A. Levanne Company, Inc. and H. A. Levanne Company of Long Island Inc., as general contractors, at their request and with their knowledge and consent. The improvements were furnished to premises 1387-1397 Eastern Parkway, Brooklyn, New York.
Petitioner alleges that on August 16, 1971 a demand for a verified statement was made on this respondent, and attaches photocopies of its demand together with an affidavit of service and a signed receipt for certified mail allegedly received by this respondent. Since more than 10 days elapsed with no response, petitioner instituted this proceeding as required by the statute (Lien Law, § 76, subds. 2, 3, 4). Petitioner further contends that the statement is needed to holster its pending action to recover the alleged diversions of trust funds among the defendants.
In opposition respondent alleges:
Lack of jurisdiction. Subdivision 5 of section 76 of the Lien Law requires that the application be commenced in an independent proceeding which requires a complaint and service upon the respondent, and not upon its attorney. Defendant claims it has never been served; petitioner’s demand for a verified statement is defective as it does not specify the nature of the trust and accordingly is impossible to comply with; that the petitioner does not specify what the nature of the trust funds are against any of the four respondents, particularly against this respondent; finally, respondent alleges that it was not the general contractor on this job, nor did it ever receive *67 any moneys from the owners or from the mortgagee in connection with the improvements involved. Consequently, the application should be denied.
The objection that the court lacks jurisdiction is without merit. The respondent’s claim that the motion is made in a pending action for a foreclosure of a mechanic’s lien is incorrect. This application is a separate proceeding which petitioner has instituted in its own name and as a member of a class as set forth in article 3-A of the Lien Law. Consequently, since this is a separate proceeding and respondent has been served, as documented in the moving papers, there is no basis for this claim. Further, the procedure employed by the petitioner herein is consistent with subdivision 5 of section 76 of the Lien Law. A demand for a verified statement is required; a complaint is not.
Respondent’s contention that the demand is defective since it does not specify the nature of the trust is specious. Petitioner’s reply affidavit alleges that the plumbing work and materials it furnished to the two respondent hospitals, which is undisputed, were furnished by petitioner as a subcontractor for this respondent, and, that the respondent did work for the respondent hospitals and filed a lien against them pertaining to the particular improvements furnished by this petitioner. By virtue of subdivision 1 of section 70 of the Lien Law, all funds received or which are due, earned or to which payment is to be received in the future, by an owner, contractor or subcontractor in connection with an improvement on real property in this State, are constituted assets of a trust. The funds received by an owner, contractor or subcontractor in connection with each improvement shall constitute a separate trust and each recipient of such funds shall be trustee thereof. Paragraph (a) of subdivision 2 of section 71 of the Lien Law provides that such funds are to be held and applied in 1 ‘ payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen.”
Consequently, by operation of article 3-A of the Lien Law all funds received, owed or to be payable in connection with improvements furnished, whether received from the owner or mortgagee, are deemed trust funds and are to be applied in payment to the beneficiaries specified in section 71, of which the petitioner is a member whether he be designated a subcontractor, a laborer or a materialman. (Matter of Seville Iron Works v. Devine Constr. Co., 32 Misc 2d 797.)
The contentions that the petitioner does not state what funds exist; that it is a general contractor; and that it has not received any moneys, are also specious. As has been noted, the statute *68 applies to general contractors and subcontractors alike, whether payment has been received or owed or whether it is to be paid in the future. If, in fact, respondent has never received any funds, is not owed any funds and does not expect to receive any funds, this fact should be stated under oath and thereupon respondent’s obligation will cease.
Accordingly, petitioner’s motion is granted.