Daniel G. Albert, J.
Plaintiff’s motion for summary inter *408 locutory judgment of accounting pursuant to section 77 of the Lien Law is disposed of as hereinafter set forth.
The papers submitted hereon demonstrate that defendant Adam Jay Associates is leasehold owner of property situate in Hempstead, New York; that defendant Bedell Gardens, Ltd. was the general contractor for a real estate project on the aforesaid property and that defendants Jack Schwartz and Leslie Jonap are principals of Adam Jay Associates and Bedell Gardens, Ltd. It is uncontroverted that defendant Ridgewood Savings Bank disbursed building loan funds to Adam Jay Associates, the mortgagor, who, in turn, distributed funds to Bedell Gardens, Ltd. for purposes of construction. As such, these funds constitute trust funds within the meaning of section 70 of the Lien Law. It is further uncontroverted that the plaintiff was a subcontractor which furnished labor and materials in connection with masonry work on the aforesaid building project.
Defendant Jack Schwartz (the other defendants did not file opposing affidavits), in his affidavit in opposition to the subject motion, asserts that plaintiff failed to perform the work as contracted for and negligently damaged the premises. Defendant further avers that these claims constitute valid defenses to this action brought by plaintiff.
The issue presented herein is whether an alleged issue of fact as to plaintiff’s performance of the masonry work serves to defeat plaintiff’s motion for summary judgment for an accounting pursuant to section 77 of the Lien Law where defendants admit receipt of trust funds and plaintiff’s furnishing of labor and materials.
In view of defendants’ admissions that plaintiff furnished labor and materials to defendants on the building project and that defendants are in receipt of trust funds within the contemplation of article 3-A of the Lien Law, defendants’ alleged claim of plaintiff’s nonperformance does not bar plaintiff’s right to an accounting of the trust funds. The primary purpose of article 3-A of the Lien Law is to ensure that laborers and materialmen are paid from the project funds by making the owner or contractor a trustee for the benefit of subcontractors, laborers and, materialmen (Lien Law, §70 et seq.) and section 77 of the Lien Law provides the machinery by which trustees account to persons having claims for payments out of trust assets.
Under the circumstances found herein, it is the court’s view *409 that it is not reasonable to have the court in the first instance adjudicate the merits of how much is due plaintiff or whether plaintiff’s work was up to specifications. To so hold would frustrate the salutary purpose of article 3-A of the Lien Law. (Cf. Matter of Fontaine Bleau Swimming Pool Corp. v Aquarama Swimming Pool Corp., 27 Misc 2d 315 [Gulotta, J.].) The court also notes that the fact that plaintiff has not alleged a diversion of trust assets does not preclude granting the relief sought herein since proof of diversion of trust assets is not a condition precedent to an action for accounting under article 3-A of the Lien Law (Frontier Excavating v Sovereign Constr. Co., 30 AD2d 487).
Accordingly, since defendants have raised no genuine factual issue herein, plaintiff is entitled to a summary interlocutory judgment of an accounting pursuant to section 77 of the Lien Law.