MAX RICHTER, Appellant, v. ROSE JOELSON and Others, Respondents, Impleaded with JOHN DELMONTE and Others, Defendants.

First Department, February 3, 1933.

*Samuel J. Siegel* of counsel [*Charles Segal*, attorney], for the appellant.

*Philip A. Friedman* of counsel [*Hartman, Sheridan, Tekulsky & Pecora*, attorneys], for the respondents Rose Joelson and Julius Joelson.

*Leon Samuels* of counsel [*Suchman & Samuels*, attorneys], for the respondents Harry Suchman and Frederick Berger.

SHERMAN, J. The complaint having been dismissed at the conclusion of plaintiff's proof, every reasonable inference from the facts favorable to plaintiff must be drawn.

After plaintiff had recovered a judgment upon notes against the Cultura Producing Co., Inc., and one Starr, defendant Cove Theatres, Inc., in order to avoid a threatened suit against it by that judgment creditor to hold it liable for the unpaid balance of the judgment, stipulated in writing on March 14, 1929, to make payment thereof to plaintiff " out of the specific proceeds obtained from the closing of the transaction " therein mentioned. That " transaction " was described as pending between the Cove Theatres, Inc., and Fox Metropolitan Playhouses, Inc., for the sale by the former to the latter of all or some of the theatres held by it in its own name or through the medium of its corporate subsidiaries.

An executory agreement looking to the acquisition of theatres had theretofore been entered into between Cove Theatres, Inc., and Fox Metropolitan Playhouses, Inc., which is dated October 23, 1928. There is proof to sustain plaintiff's contention that this transaction was finally consummated on or about June 7, 1929, because a receipt in evidence signed by Cove Theatres, Inc., states that the payment then made was accepted as full performance of the terms of the contract dated October 23, 1928. Prior payments had been made and the aggregate of the moneys paid out by the

purchaser under that contract for such theatres as were sold amounted to upwards of $103,000. It is true that these payments were not made to the Cove Theatres, Inc., directly but to defendant Berger, as agent or trustee, who had been appointed by the Cove Theatres, Inc., to receive the moneys. Defendants claim that Berger, as such trustee, paid out these moneys to relieve the theatres or subsidiary corporations owning them of liens or charges which would have prevented the purchaser from consummating the purchase. Not all of the moneys are so accounted for.

Plaintiff asserts that such payments as were made by Berger were actually to prefer other creditors of Cove Theatres, Inc., or for the purpose of preventing that corporation from performing its obligation to pay to plaintiff from these funds the amount due to him; that these moneys constituted the " specific proceeds " which the corporation had contracted to devote to the payment of his judgment, and which could not be used for any other purpose.

Respondents were directors of the defendant Cove Theatres, Inc., and with knowledge of plaintiff's rights diverted these moneys to other uses. Cove Theatres, Inc., was insolvent and this diversion of these " specific proceeds," which may be regarded as a fund assigned to and vested in plaintiff to the extent of his unpaid judgment, may have constituted a fraud upon plaintiff or have been, as charged in the complaint, due to a conspiracy between the individual defendants whereby they sought to appropriate these moneys. *Prima facie*, these were jury questions.

Moreover, the principle underlying the decision in *Lynch* v. *Conger* (181 App. Div. 221; affd., 229 N. Y. 543) may be invoked to charge these directors with liability for their acts in so dealing with the specific funds realized from the sale of the theatres. A present interest in specific funds was acquired by appellant which neither the defendant corporation nor its directors could convert or misappropriate without resultant liability. (*Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *Chester* v. *Jumel,* 125 id. 237.)

Nor can it be held that the written engagement of Cove Theatres, Inc., relied on by plaintiff, was without consideration to support it. The writing recites consideration; the evidence shows that it was delivered to plaintiff after he had claimed that the debt which formed the basis of his judgment against Cultura Producing Co., Inc., and Starr, was really the debt of defendant Cove Theatres, Inc., and had threatened to institute an action to establish that claim. The Cultura Producing Co., Inc. (one of the judgment debtors), had been one of the subsidiaries of defendant Cove Theatres, Inc., and is mentioned in the agreement made by that defendant with the Fox Metropolitan Playhouses, Inc., above

referred to, and Starr, likewise a director of Cove Theatres, Inc., appears to have been associated with defendants in these affiliated enterprises. These facts had been developed in supplementary proceedings under the judgment. Clearly a cause of action was made out.

The judgment appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.