John Jacobellis, Appellant, v. Prudential Ice and Coal Corporation and Others, Defendants, Impleaded with Lawrence Fighera and Others, Respondents, and Vito Limitone, Appellant.

Second Department, April 18, 1935.

256

*David M. Palley* [*William I. Musso* with him on the brief], for the plaintiff.

*Samuel M. Ostroff*, for the appellant Vito Limitone.

*Jacob Krisel*, for the respondent Lawrence Fighera.

*Frank W. Holmes*, for the respondent Giacomo Giordano.

*Stephen Callaghan* [*Ralph Stout* with him on the brief], for the respondents Samuel Rubel and Rubel Corporation.

PER CURIAM. The decision in favor of the defendants, respondents, is against the weight of evidence and contrary to the oral and written evidence. The respondents' contention that a different decision must be predicated, in whole or part, upon the testimony of a confessed perjurer (Fighera) is unsound. The decision that has been had rests essentially, in whole or part, upon the testimony of Giordano, a confessed perjurer.

The testimony of defendant Rubel is, in effect, disregarded by the decision that has been had. A proper approach to a correct determination of the facts involves acceptance of most of the testimony of defendant Rubel. His testimony that all the elements contained in the contract of February 5, 1930 (Plaintiff's Exhibit 1), were the subject of complete agreement before the demand for the additional $50,000 was made (although he faltered slightly on cross-examination), is supported by the testimony of Pagona and Hertzberg. The surrounding circumstances reinforce the view

that the version just stated is the true one. Rubel at no point testified directly that he paid the additional $50,000 in consideration of getting the personal restrictive covenants of Fighera and Giordano. The only one who so testified was Giordano. We may disregard entirely the testimony of Fighera, a confessed perjurer, as is Giordano. It is here of no legal importance whether Fighera and Giordano coerced Rubel into giving $50,000 in order that the agreement previously arrived at might be signed by the parties in interest, or whether Rubel suggested that the total consideration for all the elements contained in plaintiff's Exhibit 1 should be $215,000, with $50,000 thereof unstated therein, paid in cash and withheld by Fighera and Giordano. On either version Rubel was party to a conspiracy in fraud of the corporation. He, on his own version, agreed that the written contract signed by the Prudential Corporation and its directors, covering the personal restrictive covenants of the directors, should not contain the true consideration of $215,000 as finally agreed to after the $50,000 incident. Rubel also actively prevented the corporation from receiving the actual total consideration for the elements covered by plaintiff's Exhibit 1, by agreeing to pay and in fact paying over in cash, in a surreptitious manner, the $50,000 thus diverted from the Prudential Corporation.

The individuals involved in the Prudential venture agreed that the assets of the Prudential Corporation should be commingled with their personal property rights to engage, in the future, in the wholesale ice business. They evidenced their acquiescence in the Prudential Corporation's making the sale of these interests (otherwise the proper subject of sale by the individuals alone) by signing the agreement reciting the sale of these personal property elements and its corporate assets for a single consideration.

If Rubel had no improper or ulterior purpose to serve he would not have made his payment in a form which enabled the recreant officers, Fighera and Giordano, to violate their trust. At the time he dealt with Giordano and Fighera, he bought from Giordano the business of Giordano Brothers, and in that agreement obtained a ten-year restrictive covenant that bound Giordano, the treasurer of the Prudential Corporation, with respect to both the wholesale and the retail ice business. This agreement was made, Rubel's counsel concede in their brief and the evidence establishes, at the same time that the $50,000 payment was agreed to. Therefore, after that sale Giordano had nothing to sell to Rubel by way of a personal covenant, so far as plaintiff's Exhibit 1 was concerned, which exhibit included the sale of the Prudential plant. All that

was then left for purchase was the personal covenant of Fighera, the president of the Prudential Corporation. He was merely a retailer and on a parity with all the other retailers involved in the Prudential venture. His restrictive covenant in respect of refraining from going into the wholesale business was of no different or greater value than was that of the other directors who signed plaintiff's Exhibit 1. He, like those other directors, signed the supplemental retail or loader's contract. Therefore, Rubel was not buying anything from Fighera separate and distinct from that which related to the other retailers and was recited in plaintiff's Exhibit 1, which was the subject of a sale at a price stated that did not include within it the $50,000. Therefore, when Rubel agreed to pay the $50,000, it could only be for the consideration recited in plaintiff's Exhibit 1, or as a bribe to get that instrument signed with a stated consideration of $165,000. The alternative view required that the true consideration be recited therein or that the payments to the corporation for those property interests be made in a form or under circumstances that did not by Rubel's willful act facilitate a wrongful diversion of the complete consideration from the corporation, whose assets, for the time being, under plaintiff's Exhibit 1, included the personal covenants of the individual signers.

There is, in this view, no escaping the conclusion that the $50,000 paid by Rubel was a bribe and that it represented a part payment for the property rights and interests recited in plaintiff's Exhibit 1.

However, since the recreant officers, Fighera and Giordano, have already profited by this payment, they should not be permitted to again profit, and the judgment should so provide.

The liability on the law of Fighera, Giordano and Rubel and Rubel Corporation is clear under the cases. (*Billings* v. *Shaw*, 209 N. Y. 265; *Meinhard* v. *Salmon*, 249 id. 458; *Public Shoe Stores, Inc.*, v. *Goldstein*, 225 App. Div. 350.)

The case of *Bristol* v. *Scranton* (63 Fed. 218) is readily distinguished. It concerned a sale under a separate instrument of personal rights, made at a time that certain corporate rights were sold under a different instrument. The whole proceedings were conducted, as the court found, openly and fairly. There was no surreptitious side arrangement such as is involved herein. There were no payments in currency handed over under circumstances of furtiveness and indicative of guilty knowledge on the part of the one turning over the money. The case has no application herein.

Common honesty and ordinarily accepted standards of business morality require that the real nature of the transaction involved herein be not sanctioned to the detriment of the corporation acting for itself and individuals unaware of the surreptitious arrangement.

The full burden of the surreptitious arrangement should be cast upon all guilty parties to it, because without the aid of all these parties the wrong could not have been accomplished. The wrong was done to the corporation, for it was entitled in the first instance to every dollar paid for the property rights or elements recited in plaintiff's Exhibit 1, sold by the corporation with the consent of the signers thereof.

The total amount of the judgment against the recreant officers Fighera and Giordano should be $50,000, but the judgment against Rubel and the Rubel Corporation should be the same sum less the percentage thereof (equal to their proportionate ownership in the corporation) that would go (but for their misconduct) to Fighera and Giordano as stockholders of the Prudential Ice and Coal Corporation. A computation of this amount may be made on the evidence or agreed to and incorporated in the new findings. Equity does not make adjustments as between wrongdoers, but does bestir itself to prevent a wrongdoer profiting from his misconduct.

The judgment should be reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff, appellant, Jacobellis, and defendant, appellant, Limitone, for the benefit of the Prudential Ice and Coal Corporation and its stockholders, except defendants Fighera and Giordano, against all the defendants except Limitone, in the sum of $50,000, with costs, less the proportionate share thereof that would to to Fighera and Giordano, as stockholders, but for their misconduct; also a separate judgment for that lesser sum, so computed, for the benefit of the Prudential Ice and Coal Corporation against defendants Fighera and Giordano.

LAZANSKY, P. J., YOUNG, CARSWELL and SCUDDER, JJ., concur; JOHNSTON, J., not voting.

Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff, appellant, Jacobellis, and defendant, appellant, Limitone, for the benefit of the Prudential Ice and Coal Corporation and its stockholders, except defendants Fighera and Giordano, against all the defendants except Limitone, in the sum of $50,000, with costs, less the proportionate share thereof that would go to Fighera and Giordano, as stockholders, but for their misconduct; also a separate judgment for that lesser sum, so computed, for the benefit of the Prudential Ice and Coal Corporation against defendants Fighera and Giordano. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made.

Settle order on notice.