JOHN JONES, Appellant, v. FREEMAN'S DAIRY, INC., et al., Respondents.— In an action for false arrest and malicious prosecution, plaintiff appeals from portions of an order granting reargument but adhering to the original decision on his motion addressed to the answer. Order, insofar as appealed from, modified by striking from the second ordering paragraph thereof everything beginning with the words "in all respects denied" and ending with the word "damages", and by substituting in lieu thereof the following: "granted insofar as said allegations are set forth as a complete defense to the first cause of action contained in the complaint, and otherwise denied"; by striking therefrom the third ordering paragraph; and by striking from the fourth ordering paragraph thereof the words: "in all respects denied", and by substituting in lieu thereof the following: "granted as to paragraphs of the answer numbered 'forty-eighth' to 'fifty-third', inclusive, which are denominated therein as the fourth and fifth defenses and the third and fourth counterclaims; and further granted as to paragraphs of the answer numbered 'thirty-sixth' to 'forty-seventh', inclusive, which are denominated therein as the second and third defenses and the first and second counterclaims, insofar as they are asserted as defenses; and otherwise denied." As so modified, the order is affirmed, without costs. An arrest by a person who is not a peace officer, without a warrant, for a crime which was not committed in his presence is not justifiable unless the crime is a felony and the person arrested is the one who committed it. (Code Crim. Pro., § 183.) Assuming, *arguendo*, that the first defense alleged that the arrest was for the commission of a felony, probable cause for belief that it was committed by the person arrested would not be a defense to an action for false arrest. (*McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202; *Gearity* v. *Strasbourger*, 133 App. Div. 701, 705; *Johnston* v. *Bruckheimer*, 133 App. Div. 649; *Gold* v. *Armer*, 140 App. Div. 73; *Sanders* v. *Rolnick*, 188 Misc. 627, affd. 272 App. Div. 803.) Probable cause is a defense to an action for malicious prosecution (*Burt* v. *Smith*, 181 N. Y. 1), and the holding of an accused by a magistrate after examination into the facts is prima facie evidence of probable cause for the prosecution (*Hopkinson* v. *Lehigh Val. R. R. Co.*, 249 N. Y. 296; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Agar* v. *Kelsey*, 253 App. Div. 726; *Dachs* v. *DeLite Realty Co.*, 210 App. Div. 230; *Foulke* v. *New York Cons. R. R. Co.*, 180 App. Div. 848). Probable cause may also be pleaded as a partial defense to both causes, false arrest and malicious prosecution, in mitigation of punitive damages (*Sanders* v. *Rolnick, supra*); matter pleaded in mitigation of damages should be pleaded as a partial defense (Civ. Prac. Act, § 262), and such matter is to be distinguished from contentions for reduction of amounts claimed for actual or compensatory damages (*Fleckenstein* v. *Friedman*, 266 N. Y. 19; *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347). Pleading a state of facts as a complete defense and also in mitigation of damages, once only, without reiterating the

statement separately as to the complete defense and as to the partial defense, is not objectionable, particularly when the partial defense is directed to an additional cause of action, so long as there is also an appropriate labeling. (Cf. *Botts* v. *Mercantile Bank,* 180 App. Div. 546; *DeWitt* v. *New York Herald Co.,* 196 App. Div. 417, and *Goelet* v. *Goldstein,* 229 App. Div. 456.) A cause for fraud and deceit is not rendered invalid by reason of the fact that the alleged tort-feasor committed the acts complained of on behalf of a corporation of which he was an officer. (*Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *Hubbell* v. *Meigs,* 50 N. Y. 480, 491; *Santa Barbara* v. *Avallone & Miele, Inc.,* 243 App. Div. 357; *McCrea* v. *McClenahan,* 131 App. Div. 247; see, also, *Commercial Credit Corp.* v. *Wells,* 228 App. Div. 402, 405.) However, while the portions of the answer which plead fraud and deceit constitute valid counterclaims, they are insufficient as defenses to plaintiff's causes for false arrest and malicious prosecution. They do not purport to show that plaintiff's action is not maintainable or to show avoidance. (See Civ. Prac. Act, § 242, and 3 Carmody on New York Practice, §§ 986, 989.) As to the defenses and counterclaims based on claims of negligence, the gist of the claims is that plaintiff neglected to ascertain whether there were sufficient funds on deposit in the drawee bank for payment of the checks drawn and issued by him on behalf of the corporation of which he was an officer. The charge, thus, is one of nonfeasance. For such omissions plaintiff may not be cast in damages in favor of the payees, who were not his employers or principals. (*Murray* v. *Usher,* 117 N. Y. 542; *Van Antwerp* v. *Linton,* 89 Hun 417, affd. 157 N. Y. 716; *Greco* v. *Levy,* 257 App. Div. 209; *Werra* v. *Cassedy,* 229 App. Div. 590; *Dunham* v. *City Trust Co.,* 115 App. Div. 584; *Burns* v. *Pethcal,* 75 Hun 437.) In any event, these portions of the answer are insufficient as defenses, for the same reason ascribed above for the holding that the allegations of fraud and deceit are insufficient as defenses. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post,* p. 806.]