William T. Cowin, J.
In this action for a decree that defendant Harry L. Seaton (Seaton) diverted trust funds and that defendants Wydler, Balin, Pares and Soloway (Wydler) participated in the diversion, said defendants move to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action and for failure to confer jurisdiction upon the court.
Plaintiffs contracted with defendant Alison Homes Corp. (Alison) for the purchase of a plot and house to be constructed thereon within said defendant’s development. In accordance with the contract, plaintiffs deposited the sum of $6,000 with Alison. During the course of construction of its housing development, Alison obtained a number of mortgage loans, the last being in the sum of $40,000. Plaintiffs allege that defendant Seaton, as an officer of Alison, and as a member of the law firm of defendants Wydler, had Alison indorse over to Wydler one $18,000 check of the proceeds of said $40,000 mortgage loan and that Seaton and Wydler diverted all or part thereof to their own use with full knowledge that said moneys constituted trust funds under the Lien Law.
Plaintiffs, as contract vendees and as trust claimants, within the purview of the Lien Law, seek a recovery on behalf of themselves individually against the aforesaid defendants for the diverted funds. Plaintiffs ’ action is in improper form. A trust *1018 claimant can enforce his claim only “ in a representative action brought for the benefit of all beneficiaries of the trust ’ ’ and any relief that may be granted “ shall be deemed to be for the benefit of the entire class of trust beneficiaries ”. (Lien Law, § 77, subds. 1, 3, subd. [b].) ■ The defect in the form of plaintiffs’ action should not be cause for a dismissal thereof on the merits, as same can be cured by a proper pleading (Dittmar Explosives v. Ottaviano, Inc., 20 N Y 2d 498, 502).
Since plaintiffs will be permitted to apply at Special Term Part I to amend the complaint, the court will not concern itself with defendants’ further objections that the complaint omits an allegation that defendant Alison failed or refused to deliver title to the premises to plaintiffs and that plaintiffs sustained damage.
However, of greater import is the defendants’ contention that. the diversion, if any, of the $18,000 of the mortgage proceeds is covered by section 70 of the Lien Law which provides that funds received by the owner in connection with an improvement of real property constitute trust funds for the purposes provided for in section 71. The defendants then contend that the only beneficiaries of such trust funds are those specifically named in section 71 (subd. 3, par. [a]) thereof, to wit, “ subcontractors, architects, engineers, surveyors, laborers and materialmen ’ ’ and that only those named beneficiaries may complain or sue for an accounting or recovery of diverted trust funds.
Defendants argue that section 71 discloses no intent by the Legislature or by the courts, in the cited authorities, to include a contract vendee, such as plaintiffs, as a beneficiary of any trust created by section 70.
This court is not in accord with defendants’ contention. To adopt defendants’ micrometric construction of sections 70 and 71 of the Lien Law is to afford papier maché protection to a contract vendee and disregards the basic purpose of the Legislature in completely revising article 3-A of the Lien Law which includes sections 70 and 71.
Prior to the enactment of new section 71-a of the Lien Law, a contract vendee had no protection where the vendor failed to make an improvement or abandoned the improvement short of completion. The only beneficiaries of a trust fund, prior to the enactment of section 71-a were those who contributed supplies or services towards the improvement of the property. The vendee was limited to the illusory remedy of foreclosure of his lien that was invariably subordinate to prior recorded interests, the total amounts of which far exceeded the equity value of the owner in the land and improvements thereon. Thus the *1019 contract vendee was at the mercy of an unscrupulous owner and was without the right to follow any trust moneys diverted by the owner to third persons for the owner’s personal benefit.
The legislative report (N. Y. Legis. Doc., 1964, No. 65 [I]) on the amendment to section 70 of the Lien Law stated that a contract vendee ‘‘ who is necessarily out of possession of the property, and who has little or no control over the improvements, has need of further protection in respect to the advances made under his contract ’ ’ that is, the right of a trust claimant to pursue his advances, his down payment on contract, into the hands of those to whom they were given by the owner. The commission, therefore, recommended ‘ ‘ the enactment of a new section 71-a as part of Article 3-A of the Lien Law ” to protect the vendee’s advances by declaring them 1 ‘ trust funds for the benefit of the vendee as well as for the holders of ‘ trust claims ’ under Article 3-A ’ ’ and by further declaring that any trust assets received by an owner (mortgage loans, etc.) will be deemed to have been used toward the cost of improvement before the use of the vendee’s down payment. The commission figuratively sought a legislative commandment declaring the diversion of 'mortgage proceeds, although subsequent to the vendee’s down payment, to be a sin against the contract vendee (see, also, McKinney’s 1964 Session Laws of New York, pp. 1799, 1800).
Following the commission’s recommendations, the Legislature specifically enacted a new section 71-a (eff. Sept. 1, 1964) and provided in subdivision 2 (par. [b]) thereof “that no part of the [vendee’s] advances shall be applied or be deemed applied for payment of the cost of improvement until all trust assets, as defined in subdivisions five (a) to five (f) inclusive of section seventy * * * which have been received by the owner from all other sources, have been exhausted ’ ’.
The clear intent expressed by the Legislature is that the contract vendee continues to be a trust claimant with respect to any future trust assets that come into the hands of the owner, as in the instant action of $18,000 proceeds of the $40,000 mortgage loan that had been received by the owner long past the application of plaintiffs’ down payment to the cost of improvement. The rights of those who contributed supplies or services are protected by giving them priority over the vendee (§ 71-a, subd. 2, par. [b]). The desired aim is to establish the doctrine that the owner’s rights to the trust assets (the $40,000 mortgage proceeds) were subordinate to those of a contract vendee.
It should be noted that section 70 (subd. 5, par. [g]) of the Lien Law was amended to include the definition of trust funds *1020 as those funds received by an owner ‘ ‘ under an executory contract for the sale of real property and the improvement thereof by the construction of a building thereon ’ Reading the amendment to section 70 together with new section 71-a, the court is impelled to conclude that the Legislature, by the enactment of section 71-a, mandated the inclusion of a contract vendee as one of the named classes of beneficiaries under section 71.
Viewing the entire concept of the Lien Law as a safeguard against the diversion of trust funds, the personal use of mortgage proceeds, irrespective of when obtained or received, violates the paramount rights of a contract vendee. The whole purpose of revamping article 3-A of the Lien Law “ seems to have been a strengthening of the procedures for keeping trust funds intact and not a weakening of them ’ ’. (Matter of Fontaine Bleau v. Aquarama, 27 Misc 2d 315, 317.)
If defendants Wydler, as attorneys for Alison, received $18,000 of the mortgage proceeds and used all or part thereof as claimed by plaintiffs for their own use, then they participated in a diversion of trust funds as against plaintiffs (a contract vendee) and can be compelled to account for and return same (Utica Sheet Metal Corp. v. Schechter Corp., 25 A D 2d 928).
The court is constrained to dismiss the complaint in its present form. However, it appears from the facts alleged that plaintiff may have a cause of action under the Lien Law against defendants Seaton and Wydler, if bottomed in a representative form of action.
Accordingly, defendants’ motion to dismiss the complaint is granted ‘ ‘ without prejudice to an application made on proper papers at Special Term for leave to replead ” (Laiken v. American Bank & Trust Co., 34 A D 2d 514).