■ CLYDE P. FLECK, Doing Business as CLYDE P. FLECK ROOFING & SIDING COMPANY, Appellant, v. SAMUEL C. PERLA, Respondent.— Order unanimously reversed, with costs, plaintiff's motion to strike portions of the answer granted and defendant's cross motion to dismiss the complaint and for summary judgment denied. Memorandum: It is clear that a beneficiary under the provisions of article 3-A of the Lien Law can bring an action to recover trust assets in the hands of a corporate transferee. Section 77 (subd. 3, par. [a], cl. [i]) of the Lien Law provides that in an action to enforce a trust, relief can be granted "to identify and recover trust assets in the hands of any person; to set aside as a diversion any unauthorized payment, assignment or other transfer,

whether voluntary or involuntary; to enjoin a diversion; to recover damages for breach of trust or participation therein". In addition to the statutory authority for the plaintiff's right to proceed against a transferee of trust assets, the case law clearly holds that "One who receives property, knowing·it to be the subject of a trust, and to have been transferred in violation of the trustee's duty or power, takes it.subject to the right of the trustee, and also of the *cestui que trust*, to reclaim possession thereof, or to recover for its conversion (*Zimmerman* v. *Kinkle*, 108 N. Y. 282, 287; *Wetmore* v. *Porter*, 92 [N. Y. 76, 82]; *New York City Employees' Retirement System* v. *Eliot*, 267 [N. Y. 193, 202])." (*Bonham* v. *Coe*, 249 App. Div. 428, 431, affd. 276 N. Y. 540; see, also, *Jacobellis* v. *Prudential Ice & Coal Corp*. 244 App. Div. 255, affd. 269 N. Y. 632; *Anderson* v. *Daley*, 38 App. Div. 505, app. dsmd. 159 N. Y. 146.) It is the respondent's position that while a corporate transferee might be liable to the beneficiary, for diversion of trust funds, an officer of that corporation is immune from personal liability, even if it was his actions that resulted in the corporation's liability. While it may be true that the Lien Law does not specifically provide for personal liability on the part of an officer of a corporate transferee, it is' well-settled that "An officer or agent of a corporation is personally liable for his acts which constitute a conversion of the property of a third person; it is no answer to such liability that the act was done while the officer or agent was acting for the corporation." (12 N. Y. Jur., Corporations, § 809, p. 340; see *Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179; *Slavenburg Soelling Corp.* v. *Assomull & Co.*, 15 A D 2d 645; *Richter* v. *Joelson*, 237 App. Div. 572, *supra*; *Jones* v. *Freedman's Dairy*, 283 App. Div. 667, *supra*.) If the plaintiff can prove that the defendant received property knowing it to have been the subject of a trust and to have been transferred in violation of the trustee's duty or power (*Bonham* v. *Coe*, 249 App. Div. 428, *supra*), defendant would be liable to the plaintiff for his conversion of the trust assets, even though he was acting as an officer of a corporation. (12 N. Y. Jur., Corporations, § 809; *Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179, *supra*; *Slavenburg Soelling Corp.* v. *Assomull & Co*, 15 A D 2d 645, *supra*; *Richter* v. *Joelson*, 237 App. Div. 572, supra, *Jones* v. *Freeman's Dairy*, 283 App. Div. 667,*supra*.) It has been held that "Knowledge of a trustee's violation of trust conditions and requirements will be chargeable to one dealing with the trustee, if the facts are such as, in reason, should put a reasonably intelligent and diligent person on inquiry, and require him to make an investigation, the result of which would reveal the true situation". (*Bonham* v. *Coe*, 249 App. Div. 428, 434, *supra*.) The court found that the defendant "acted in good faith and without knowledge that the check in question constituted trust funds". From an examination of the affidavits and an examination before trial of·the defendant upon which it based its finding, it would appear that certain admissions of defendant raise an issue of fact which should be passed upon a plenary trial. "It [is] well established that if the issue is fairly debatable a motion for summary judgment must be denied." (*Stone* v. *Goodson*, 8 N Y 2d 812; see, e.g., *Falk* v. *Goodman*, 7 N Y 2d 87, 91; *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 394, 404.) "To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City. of New York*, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is 'arguable'." (*Glick & Dolleck* v. *Tri-Pac Export Corp.*, 22 N Y 2d 439.) "The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages." (CPLR 3212, subd. [b].) At a trial it might well be deter-

mined that the defendant knowingly participated in the diversion of trust funds, or that at least the facts were such that he should have inquired into the origin of the funds he received. In either case the defendant would be personally liable to the plaintiff for converting the trust funds. (Appeal from order of Erie Special Term dismissing complaint in action under article 3A of the Lien Law.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.