## (March 31, 1980)

■ ACE HARDWOOD FLOORING CO., INC., Respondent, v HENRY GLAZER et al., Appellants, et al., Defendants.—In an action by a subcontractor for work, labor, materials and services performed, Marjorie Glazer, individually and as personal representative of Henry Glazer, deceased, appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County, entered September 12, 1979, which, *inter alia,* granted summary judgment in favor of the plaintiff and against the said defendants in the amount of $1,902.35. Order and judgment modified, on the law, by deleting so much thereof as granted summary judgment in favor of the plaintiff against the appellants upon the first cause of action, and substituting therefor a provision denying summary judgment as to the said cause of action. As so modified, order and judgment affirmed insofar as appealed from, without costs or disbursements. The question as to whether Henry Glazer and Marjorie Glazer had converted or improperly diverted trust funds held by the corporate defendant pursuant to article 3-A of the Lien Law presents issues of fact which can only be resolved after a trial. Liability cannot be imposed upon said individuals merely because they were officers and agents of the defendant corporation at the time such trust funds were converted. (See *Fleck v Perla,* 40 AD2d 1069; *Scriven v Maple Knoll Apts.,* 46 AD2d 210.) Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.

■ RONALD J. BAYER, Appellant, v ALICE L. S. BAYER, Respondent.—In a proceeding pursuant to section 75-p of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-p) to enforce a temporary custody decree of the State of Pennsylvania, petitioner appeals from an order of the Family Court, Nassau County, entered July 5, 1979, which, after a hearing, modified said decree by reducing petitioner's visitation rights and granted respondent a counsel fee in the amount of $750. Order modified, on the facts, by deleting from the first decretal paragraph thereof the words "one Sunday per month" and substituting therefor the words "every other Sunday". As so modified, order affirmed, without costs or disbursements. Visitation under the order, as modified, shall commence two weeks after service upon respondent of a copy of the order to be made hereon, together with notice of entry thereof. The Family Court set forth its desire that a rapport be established between the father and his two minor children. In an attempt to reach this goal, the court ordered visitation one day a month in the mother's home. We agree that it is necessary to establish that rapport. However, in our view, one day a month is insufficient to achieve the desired goal. Rather, visitation every other Sunday will be more effective, and will be in the best interests of the children. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.