■ SOUTH CAROLINA STEEL CORPORATION, Respondent, v MURRAY MILLER et al., Defendants, and NATIONWIDE STEEL CORPORATION et al., Appellants.—In an action by a subcontractor for work, labor, materials and services performed, the defendants Nationwide Steel Corporation, George O'Brien, and Anthony Caggiano appeal (1) from an order of the Supreme

Court, Nassau County (Collins, J.), dated March 31, 1989, which granted the plaintiff's motion for summary judgment to the extent of directing them to participate in an accounting pursuant to Lien Law § 77, and awarding the plaintiff compensatory damages against Nationwide Steel Corporation; (2) from a judgment of the same court, entered April 7, 1989, which is in favor of the plaintiff and against the defendant Nationwide Steel Corporation in the sum of $406,246.84, (3) as limited by their brief, from so much of an order of the same court, dated July 5, 1989, as, upon reargument, adhered to the original determination, and (4) an order of the same court, dated July 17, 1989, which denied the motion of the defendant Nationwide Steel Corporation to vacate the judgment entered April 7, 1989, on the ground that it improperly award interest.

Ordered that the appeal from the order dated March 31, 1989, and from the judgment entered April 7, 1989, are dismissed, as that order and judgment were superseded by the order dated July 5, 1989, made upon reargument; and it is further,

Ordered that the order dated July 5, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 17, 1989, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On April 2, 1987, the defendant Nationwide Steel Corporation (herewith Nationwide) was selected to be the steel contractor in the construction of a new building in a Nassau County shopping center. In the course of performing its construction duties at the site, Nationwide purchased materials as well as labor from the plaintiff South Carolina Steel Corporation. Although Nationwide was paid a total of $453,150 for the structural steel work performed at the site during the summer and fall of 1987, it is undisputed that Nationwide never paid the plaintiff any part of the $355,578.68 which the plaintiff billed for its material and services.

The plaintiff commenced the instant action to recover the sum of $355,578.68 for goods sold and delivered to the defendant Nationwide, and for work, labor, and services performed at the construction site on Nationwide's behalf. The plaintiff additionally sought to compel Nationwide and its officers George O'Brien and Anthony Caggiano to submit to an accounting pursuant to the statutory trust provisions of Lien Law article 3-A. The plaintiff thereafter moved for summary judgment, and the Supreme Court granted its motion to the

extent of directing the appellants to participate in an accounting, and in directing Nationwide to pay the plaintiff compensatory damages in the principal sum of $355,578.68.

On appeal, the defendant Nationwide contends, *inter alia,* that the Supreme Court erred in ordering it to pay the plaintiff compensatory damages prior to conducting an accounting to ascertain whether or not it actually diverted the funds which it received from the general contractor in payment for the steel work performed at the construction site. We disagree. Lien Law article 3-A was designed and enacted to create trust funds out of certain construction payments and thus ensure, or at least make more certain, that those whose skill, labor, and materials create an improvement are paid for their services *(see, Caristo Constr. Corp. v Diners Fin. Corp.,* 21 NY2d 507, 512; *Matter of ABJEN Props. v Crystal Run Sand & Gravel,* 168 AD2d 783; *Frontier Excavating v Sovereign Constr. Co.,* 30 AD2d 487; *Teman Bros. v New York Plumbers' Specialties Co.,* 109 Misc 2d 197). The Lien Law provisions which create a statutory trust do not, however, preclude an unpaid contractor from pursuing recovery under the parties' contract. Rather, the statutory trust provisions are intended to provide aggrieved subcontractors or materialmen with additional remedies by enabling them to recover diverted trust funds from third parties who are not in privity with the parties to the contract *(see generally,* Lien Law § 77 [3] [a] [i]; *Caristo Constr. Corp. v Diners Fin. Corp., supra).* In the instant case, it is undisputed that the plaintiff supplied goods and other services valued at $355,578.68 to the defendant Nationwide, and no issue with respect to the quality or quantity of the goods supplied, or of the work performed, has been raised. Accordingly, Nationwide's failure to meet its obligation to pay for these goods and services was a breach of the parties' contract, and the plaintiff was entitled to compensatory damages.

Nor did the Supreme Court err in requiring Nationwide's officers George O'Brien and Anthony Caggiano to participate in an accounting pursuant to Lien Law § 77 (3) (a) (i), which authorizes a court to order an interim or final accounting, and to grant such relief as may be necessary to "identify and recover trust assets in the hands of any person" (Lien Law § 77 [3] [a] [i]). The record at bar establishes that these corporate officers played a crucial role in Nationwide's collection of trust funds from the general contractor by falsely certifying that all subcontractors and materialmen had been paid, or would be paid, for their services from the subject

funds. Although the Lien Law expressly provides only for an accounting against a trustee, where the officers of a corporate trustee have converted trust funds for their own use, or knowingly participated in a diversion, they may be liable to the trust beneficiary in their individual capacities (see, *Fleck v Perla*, 40 AD2d 1069; see also, *Ace Hardwood Flooring Co. v Glazer*, 74 AD2d 912; *Scriven v Maple Knoll Apts.*, 46 AD2d 210). Thus, bearing in mind that the trust provisions of the Lien Law were intended " 'to have been a strengthening of the procedures for keeping trust funds intact' " *(Glazer v Alison Homes Corp.*, 62 Misc 2d 1017, 1020, affd 36 AD2d 720), we find that the court's direction that the defendant officers participate in an accounting in order to determine whether there has been a diversion of trust funds was an appropriate form of interim relief.

We have examined the appellants' remaining contentions, and find that they are without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.