■ LONNIE MANDEL, Respondent, v NEUMAN-GELLER, LTD., et al., Defendants and Third-Party Plaintiffs-Appellants. SOUTH OF THE MOUNTAIN VILLAGE, LTD., et al., Third-Party Defendants. [610 NYS2d 840] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Neuman-Geller, Ltd., James Geller, and Philip Neuman appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 27, 1992, as

granted the plaintiffs' motion for summary judgment and denied the appellants' cross motion to consolidate the instant action with a pending mortgage foreclosure action, and (2) so much of a judgment of the same court entered April 8, 1992, as is in favor of the plaintiffs and against the appellants in the sum of $119,316.68.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiffs and against the defendants James Geller and Philip Neuman in the sum of $119,316.68; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is modified, by deleting therefrom the provision granting that branch of the plaintiffs' motion which was for summary judgment against the defendants James Geller and Philip Neuman and substituting therefor a provision denying that branch of the motion; as so modified the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court erred in granting summary judgment against the defendants James Geller and Philip Neuman. There is insufficient evidence in the record to find, as a matter of law, that the individual defendants knowingly caused or participated in the corporate defendant's diversion of trust assets in violation of Lien Law article 3-A (see, Ace Hardwood Flooring Co. v Glazer, 74 AD2d 912; Schwadron v Freund, 69 Misc 2d 342).

We further find that the court's denial of the appellants' cross motion to consolidate was not an improvident exercise of its discretion. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.