■ ALL STAR LEASING, INC., Respondent, v JOSEPH DAVIS, INC., et al., Appellants, et al., Defendant. [794 NYS2d 238]—

Appeal from an order of the Supreme Court, Livingston County (Ronald A. Cicoria, A.J.), entered April 21, 2004. The order, insofar as appealed from, upon renewal granted that part of plaintiff's motion seeking summary judgment against defendant Jeffrey Davis on the first cause of action for diversion of trust funds.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and that part of the motion seeking summary judgment against defendant Jeffrey Davis is denied.

Memorandum: Supreme Court granted the motion of plaintiff for leave to renew that part of its motion that sought summary judgment against the individual defendants on its trust diversion cause of action and, upon renewal, erred in granting that part of the motion against Jeffrey Davis (defendant). Plaintiff failed to establish, as a matter of law, that defendant knowingly caused or participated in a diversion of trust assets in violation of Lien Law article 3-A (*see Mandel v Neuman-Geller, Ltd.*, 202 AD2d 647, 648 [1994]). Plaintiff contends that the court previously determined that Joseph Davis, Inc. (corporate defendant) diverted trust funds because the July 15, 2003 order on the initial motion states that "plaintiff's motion for summary judgment against the corporate defendant . . . be and is hereby in all respects granted." However, the court stated in its June 9, 2003 decision that plaintiff is entitled to summary judgment on the second through fifth causes of action against the corporate defendant, and did not include the first cause of action under the Lien Law. To the contrary, the court determined in that decision that an issue of fact existed whether the Lien Law cause of action is time-barred. "Where there is a conflict between an order and a decision, the decision controls" (*Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]). Consequently, we conclude that the court did not determine in the previous motion that there had been a diversion of funds.

On the motion for leave to renew, the court determined that the action is not time-barred and granted summary judgment against defendant even though plaintiff failed to meet its burden of establishing a diversion of trust funds. The record merely established that plaintiff billed for the materials and was only partially paid. Because plaintiff failed to meet its burden of establishing a diversion of trust funds as a matter of law, we reverse the order insofar as appealed from (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.