Scalamandre/Oliveira, JV II v Judlau Contr., Inc. (2025 NY Slip Op 03170)

Scalamandre/Oliveira, JV II v Judlau Contr., Inc.

2025 NY Slip Op 03170

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 653557/16|Appeal No. 4445|Case No. 2024-00401|

[*1]Scalamandre/Oliveira, JV II, Plaintiff-Respondent,
v
Judlau Contracting, Inc., et al., Defendants-Appellants, New York Geomatics, Inc., et al., Defendants.

Seyfarth Shaw LLP, Washington, DC (Jason N. Smith of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Cohen Seglias Pallas Greenhall & Furman PC, New York (Michael F. McKenna of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 19, 2023, after a nonjury trial, awarding plaintiff Scalamandre/Oliveira, JV II (SOJV) $15,347,143.20, and bringing up for review an order, same court and Justice, entered on or about November 28, 2023, which, to the extent appealed from as limited by the briefs, found in favor of SOJV and against defendants Judlau Contracting, Inc. (Judlau), Travelers Casualty and Surety Company of America, Zurich American Insurance Company, and Liberty Mutual Insurance Company, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court.
The court should not have awarded SOJV damages for delays and crane costs. SOJV failed to file a timely notice of claim, which is expressly made a prerequisite to recovery under Section 8 of the parties' subcontract and which is subject to strict construction as a matter of public policy (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 33-34 [1998], rearg denied 92 NY2d 920 [1998]; Bat-Jac Contr. v New York City Hous. Auth., 1 AD3d 128, 129 [1st Dept 2003]). SOJV was not excused or frustrated from giving notice, even if Judlau breached the subcontract (see S.J. Fuel Co., Inc. v New York City Hous. Auth., 73 AD3d 413, 414 [1st Dept 2010]). Nor was notice futile (cf. J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444 [2d Dept 2005]). Judlau did not waive the notice requirement (see Huff Enters. v Triborough Bridge & Tunnel Auth., 191 AD2d 314, 317 [1st Dept 1993], lv denied 82 NY2d 655 [1993]).
Defendants do not appeal from the award to the extent of the $1,430,487.84 "Remaining Contract Balances, Retainage, Approved and Pending Change Orders" category. Supreme Court set statutory interest as accruing from December 14, 2015. Without addressing the appropriateness of that date, we remand for Supreme Court to establish a date or dates from which interest should be assessed on the $1,430,487.84 (see CPLR 5001[b]) and enter an amended judgment.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025