■ PEDRO RIVERA, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated December 27, 1990, which, after a jury trial, set aside the verdict of the jury in the principal sum of $500,000 and granted a new trial for the plaintiff on the issue of damages unless the plaintiff served and filed in the office of the Supreme Court, Kings County, a written stipulation signed by him consenting to reduce the verdict as to his damages from the principal sum of $500,000 to the principal sum of $75,000, and to the entry of a judgment in accordance therewith.

Ordered that the order is affirmed, with costs. The plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

While walking on a Brooklyn street on June 2, 1983, the then 24-year-old plaintiff stumbled on a pothole and fell, injuring his elbow. The jury, finding the plaintiff 40% at fault in the happening of the accident and the defendant, the City of New York, 60% at fault in the happening of the accident, awarded the plaintiff damages in the principal sum of $500,000. The court found that this award "shock[s] the conscience" of the court, and granted a new trial to the plaintiff on the issue of damages only, unless the plaintiff stipulated to an award of $75,000 payable by the defendant. On appeal, the plaintiff urges that the court's reduction of the award from $500,000 to $75,000 was improper.

CPLR 5501 (c) provides that "the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensa-

tion." We find that the jury award to the plaintiff of $500,000 constituted a material deviation from what would be reasonable compensation *(see, Jurgen v Linesburgh,* 159 AD2d 689). Although the plaintiff sustained a fractured elbow, he can nevertheless extend his arm to 95% of full extension. Further, the plaintiff's claim does not include damages for loss of wages or medical expenses, and there was only minimal evidence that his injury is permanent. Consequently, the trial court's determination is affirmed. Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.