■ SOUTH CAROLINA STEEL CORPORATION, Respondent, v MURRAY MILLER et al., Defendants, and GEORGE O'BRIEN et al., Appellants. [599 NYS2d 1016] —In an action by a subcontractor to recover damages for materials furnished and services performed, the defendants George O'Brien and Anthony Coggiano separately appeal from (1) an order of the Supreme Court, Nassau County (Collins, J.), dated August 8, 1990 which granted the plaintiff's motion for partial summary judgment against the appellants on the second cause of action on the issue of liability and which denied the cross motion by Anthony Coggiano for summary judgment dismissing the second cause of action insofar as it is asserted against him, and (2) so much of a judgment of the same court (Yachnin, J.), dated April 8, 1991, as, after a hearing, *inter alia,* awarded the plaintiff the principal sum of $275,713.18 against George

O'Brien and the principal sum of $192,417.32 against Anthony Coggiano.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

South Carolina Steel Corporation commenced this action against the defendant Nationwide Steel Corporation (hereinafter Nationwide) and its officers George O'Brien and Anthony Coggiano to recover payment for certain materials it supplied and work it performed.

By order dated March 31, 1989, the trial court (Collins, J.), granted the plaintiff's motion for summary judgment against Nationwide in its entirety. As to the defendants O'Brien and Coggiano, however, the trial court only granted the plaintiff's motion for summary judgment with regard to its first cause of action for an accounting pursuant to the statutory trust provision of Lien Law article 3-A. As to the plaintiff's second cause of action for compensatory damages arising from O'Brien and Coggiano's participation in the breach of a trust, the court found triable issues of fact. Before this Court affirmed this determination (see, South Carolina Steel Corp. v Miller, 170 AD2d 592), certain discovery took place and the plaintiff again moved for summary judgment against O'Brien and Coggiano on its second cause of action for compensatory damages and the court granted its motion. The plaintiff was awarded damages against both O'Brien and Coggiano. We affirm.

The plaintiff established a prima facie case of participation in the breach of a trust by O'Brien and Coggiano (see, Ace Hardwood Flooring Co. v Glazer, 74 AD2d 912; Scriven v Maple Knoll Apts., 46 AD2d 210; Fleck v Perla, 40 AD2d 1069). Further, O'Brien and Coggiano failed to adequately raise triable issues of fact in opposition to the plaintiff's motion. Thus, the award to the plaintiff of damages against O'Brien and Coggiano was proper (see, Fleck v Perla, supra).

We have reviewed the parties' remaining contentions and

find them to be without merit. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.