■ AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Respondent, v NORTH ATLANTIC RESOURCES, INC., Defendant, and JONATHAN E. HOCHMAN et al., Appellants. [691 NYS2d 403] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 20, 1997, which, to the extent appealed from, denied the individual defendants' motion to dismiss the second, fifth and sixth causes of action as against them, unanimously modified, on the law, to dismiss the fifth cause of action (for unjust enrichment), and otherwise affirmed, without costs.

As a preliminary matter, we reject plaintiff's claim that this

appeal has been mooted by reason of its service of a superseding amended complaint. Since plaintiff has not furnished this Court with a copy of the amended complaint, we are not able to determine whether the amended pleading does in fact render this appeal moot (*see, Munn v New York City Hous. Auth.*, 202 AD2d 210, 211).

As to the merits, the IAS Court properly ruled that a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced (*see, People v Apple Health & Sports Clubs*, 206 AD2d 266, 267, *lv denied* 84 NY2d 1004; *Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868; *Key Bank v Grossi*, 227 AD2d 841, 843).

According the complaint every favorable inference, and reading it in conjunction with the documentary evidence submitted to the motion court (*see, Tarzia v Brookhaven Natl. Lab.*, 247 AD2d 605, 606), plaintiff adequately stated a cause of action for fraud by alleging or adducing evidence indicating that defendants affirmatively misrepresented the status of the applicants for plaintiff's corporate credit card as agents of the defendant corporation, when in fact they were not. Similarly, the complaint set forth sufficient facts to support a claim for negligent misrepresentation. However, plaintiff's cause of action for unjust enrichment, premised on certain fees charged by the defendant corporation and paid by the card applicants, should be dismissed, since plaintiff neither billed those fees nor established any entitlement thereto.

We have considered the parties' remaining arguments for affirmative appellate relief, most notably for the imposition of sanctions, and find them unpersuasive. Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.