■ HELLENIC WIRING CONTRACTING CORP., Respondent, v PETRACCA & SONS, INC., et al., Appellants. [763 NYS2d 301] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered March 18, 2003, which denied defendants' motion for summary judgment, unanimously modified, on the law, to grant the motion insofar as to dismiss the defamation claim as against defendant Bruce Parker individually, the fraudulent misrepresentation claim, and that part of the wrongful termination claim seeking lost profits allegedly resulting from the five-year New York City School Construction Authority (SCA) debarment, and otherwise affirmed, without costs.

Defendants entered into an agreement with the SCA to build a school, PS 340, in the Bronx. Thereafter, defendants entered into a subcontract with plaintiff, pursuant to which plaintiff was to perform on-site electrical work, as well as supervise electrical work at the off-site factory. While plaintiff's work was ongoing, a dispute arose between the parties over defendants' alleged failure to pay for extra work performed by plaintiff. In the aftermath of this dispute, defendants, in a letter addressed to both plaintiff and the SCA, accused plaintiff of deliberately miswiring and disabling an emergency gas shut-off valve, and thus of "a deliberate act of sabotage." Although plaintiff sharply denied the accusation, the SCA gave plaintiff a poor performance evaluation and, after conducting a hearing on the evaluation in which plaintiff refused to participate, sustained the evaluation as having been reasonably based, and thereupon disqualified plaintiff from bidding, contracting or subcontracting on SCA contracts for five years. This action for

defamation, misrepresentation and wrongful termination followed.

The motion court properly found issues of fact precluding a grant of summary judgment with respect to plaintiff's defamation claim against the corporate defendants. As the motion court observed, a jury accepting plaintiff's version of the facts could conclude that the letter accusing plaintiff of "a deliberate act of sabotage" had been written by defendants with either reckless disregard for the truth or out of spite or ill will (*cf. Moore v Dormin,* 252 AD2d 421, 422-423 [1998], *lv denied* 92 NY2d 816 [1998]). We reject defendants' argument that the defamation claim is barred by collateral estoppel. It is settled that proceedings by the SCA may not be given preclusive effect (*see Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, 8-9 [1997]). Summary judgment should, however, have been granted dismissing the defamation claim as against individual defendant Bruce Parker. The record discloses no non-speculative basis to support a jury inference that Parker personally knew that the statements in the letter were false. While it is true that a corporate officer who participates in a tort while acting on his or her corporation's behalf may be held individually liable (*see generally American Express Travel Related Servs. Co. v North Atl. Resources,* 261 AD2d 310 [1999]), it is plain in the record that plaintiff will not be able to make the clear and convincing showing of actual malice on Parker's part necessary to sustain its defamation claim against him (*see Sweeney v Prisoners' Legal Servs. of N.Y.,* 84 NY2d 786 [1995]).

Summary judgment should also have been granted dismissing plaintiff's misrepresentation claim since, inter alia, even if defendants made the misrepresentations alleged, plaintiff has no tenable claim that such misrepresentations resulted in damages (*see Salles v Chase Manhattan Bank,* 300 AD2d 226, 228-229 [2002]). Although plaintiff posits that, based on the alleged misrepresentations, SCA released to defendant contractor funds to which plaintiff was entitled under its subcontract, the record discloses that plaintiff placed a mechanic's lien on the job and that SCA, accordingly, retained the disputed funds.

Finally, while the motion court properly found that, based on the evidence of record, plaintiff had a sustainable claim for lost profits from the alleged wrongful termination of its PS 340 subcontract, it erred when it found that plaintiff also had a sustainable wrongful termination claim for lost profits attributable to the five-year SCA debarment. There exists no basis to conclude that these latter damages were within the contemplation of the parties at the time the subcontract was entered into

(*see Kenford Co. v County of Erie,* 67 NY2d 257, 261 [1986]). Concur—Buckley, P.J., Mazzarelli, Williams and Marlow, JJ.