■ Greenway Plaza Office Park, Appellant, v Metro Construction Services, Inc., Defendant, and Warren Glazer, Respondent. [770 NYS2d 891]—In an action, inter alia, for a judgment declaring a notice of mechanic's lien void pursuant to Lien Law § 39, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), entered November 14, 2002, which granted the motion of the defendant Warren Glazer for summary judgment dismissing the sixth cause of action in the amended complaint.

In an action, inter alia, for a judgment declaring a notice of mechanic's lien void pursuant to Lien Law § 39, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), entered November 19, 2002, which granted the motion of the defendant Warren Glazer for summary judgment dismissing the sixth cause of action in the amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the sixth cause of action in the amended complaint is reinstated.

After the defendant Metro Construction Services, Inc. (hereinafter Metro), filed a mechanic's lien against the plaintiff's property, the plaintiff commenced this action against Metro and its president, Warren Glazer, seeking a judgment declaring the mechanic's lien void and to recover damages, inter alia, for willful exaggeration of the lien. The fifth cause of action in the amended complaint, asserted solely against Metro, alleges a prima facie tort. The sixth cause of action, asserted solely against Glazer, alleges a cause of action sounding in abuse of process and also seeks to impose personal liability upon Glazer for Metro's allegedly tortious conduct in, among other things, improperly filing the mechanic's lien. The defendants, in their amended answer, interposed affirmative defenses and counterclaims, inter alia, alleging breach of contract and for foreclosure of the mechanic's lien. Following joinder of issue, Glazer moved pursuant to CPLR 3212 for summary judgment dismissing the sixth cause of action, arguing that as corporate officer of Metro, he was exempt from personal liability for the actions complained of. The Supreme Court granted the motion on the ground that there was no evidence to establish a claim to recover damages for abuse of process or a prima facie tort. We reverse.

Glazer failed to make a prima facie showing of entitlement to judgment as a matter of law (see CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In support of his motion, he tendered an affidavit in which he essentially denied participating in any of the conduct described in the amended complaint in any capacity other than as an officer of Metro. "A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character . . . However, if a director or officer commits, or participates in the

commission of, a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby" (14A NY Jur 2d, Business Relationships § 763 at 434; *see South Carolina Steel Corp. v Miller*, 194 AD2d 782 [1993]; *Van Wormer v McCasland Truck Ctr.*, 163 AD2d 632 [1990]; *Fleck v Perla*, 40 AD2d 1069, 1070 [1972]). Accordingly, summary judgment should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, we do not reach the plaintiff's remaining contentions. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.