RAJEEV SINDHWANI, M.D., PLLC, Appellant-Respondent, v COE BUSINESS SERVICE, INC., et al., Respondents-Appellants. [861 NYS2d 705]—

In an action, inter alia, to recover damages for conversion of billing records, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Colobella, J.), entered July 14, 2006, as, upon a jury verdict and upon the granting of that branch of the defendants' motion which was to set aside the verdict against the defendant Lynette B. Coe, is in favor of the defendant Lynette B. Coe and against the plaintiff dismissing the complaint insofar as asserted against that defendant, and the defendants cross-appeal from so much of the same judgment as, upon the jury verdict and the granting of that branch of the plaintiff's motion which was for additur from the principal sum of $115,700 to the principal sum of $344,000, is in favor of the plaintiff and against the defendant Coe Business Service, Inc., in the principal sum of $344,000 and dismissing the counterclaim of the defendant Coe Business Service, Inc.

Ordered that the cross appeal by the defendant Lynette B. Coe is dismissed, as she is not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion (1) by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Lynette B. Coe and substituting therefor a provision in favor of the plaintiff and against the defendant Lynette B. Coe in the principal sum of $28,466, (2) by adding a provision thereto conforming the complaint to the proof adduced at trial, and (3) by deleting the provision thereof in favor of the plaintiff and against the defendant Coe Business Service, Inc., awarding damages on the conversion cause of action in the principal sum of $344,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, that branch of the plaintiff's motion which was for additur is denied, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages on the conversion cause of action insofar as asserted against the defendant Coe Business Service, Inc., unless within 30 days service upon the defendant Coe Business Service, Inc., of a copy of this decision and order, the defendant Coe Business Service, Inc., serves and files in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the award of damages for conversion against it from the sum of $115,700 to the sum of $258,311; in the event that the defendant Coe Business Service, Inc., so stipulates, then the judgment, as so modified, increased, and amended, is affirmed insofar as appealed from by the plaintiff and cross-appealed from by the defendant Coe Business Service, Inc., without costs or disbursements.

In May 2001 the plaintiff hired Lynette B. Coe and her business, Coe Business Service, Inc. (hereinafter CBSI), to perform medical billing services. In December 2002 the plaintiff terminated the defendants' services and requested the return of all outstanding bills and records, specifically the accounts receivable of the medical practice. Coe refused to return the records until the plaintiff paid the last three months of invoices for CBSI's services. The plaintiff then commenced this action against CBSI and Coe personally, alleging causes of action to recover damages for breach of contract and conversion of the records. CBSI asserted a counterclaim for the unpaid invoices. The defendants did not return the documents until March 2004 after having been directed to do so by two court orders.

After trial, the jury rendered a verdict in favor of the plaintiff on both causes of action and on the counterclaim. The jury did not award the plaintiff any damages on the breach of contract cause of action, but awarded damages on the conversion cause

of action in the sum of $115,700 against CBSI and $28,466 against Coe personally. After postjudgment motions, the Supreme Court set aside the verdict against Coe personally and dismissed all claims asserted against her. The court further granted the plaintiff's motion for additur, increasing the damages awarded against CBSI to $344,000 and entering judgment against CBSI in the increased amount. The plaintiff appeals, and the defendants cross-appeal. We modify.

Contrary to the contention of CBSI, the damages awarded by the jury were attributable to the conversion cause of action. Damages for conversion are usually the value of the property at the time of conversion. However, lost profits are allowed "where either from the nature of the article or peculiar circumstances of the case they might reasonably be supposed to follow from the conversion" (*Barrington v Offenbach,* 163 NYS 423, 426 [1917]; *see Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326 [1980]). The forensic accountant calculated that the plaintiff sustained a $191,000 loss due to the defendants' poor collection methods. While that amount originally would have been amenable to a breach of contract claim, the plaintiff submitted evidence that those losses could have been recovered had the defendants promptly returned the records. Since the records were not returned until more than a year later, the jury could have reasonably concluded that this delay prevented the plaintiff from collecting on most of the bills. The jury also could have reasonably concluded that as medical billers, the defendants should have known that the plaintiff needed the records in order to be able to resolve the accounts receivable. Accordingly, lost profits would be expected to follow from conversion of the records and are a proper measure of damages (*see Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326 [1980]).

Moreover, the court charged the jury, without exception, that damages for the conversion cause of action were to be: "a sum of money to compensate plaintiff for damages resulting from the conversion, if any, for loss of income and expenses in recovering the property and lost income including litigation expenses and attorneys' fees."

"Because defendants failed to object to the charge, 'the law as stated in that charge became the law applicable to the determination of the rights of the parties . . . and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged' " (*Allen v Domus Dev. Corp.,* 273 AD2d 891, 892 [2000], quoting *Harris v Armstrong,* 64 NY2d 700, 702 [1984]; *see Up-Front Indus. v U.S. Indus.,* 63 NY2d 1004 [1984]; *Brodeur v Cooper,* 182 AD2d 666 [1992]).

The damages claimed by the plaintiff, including lost profits, staff expenses in attempting to collect on the accounts after return of the documents, the forensic investigation fee, and attorney's fees, were all proper measures of damages under this charge.

Further, the Supreme Court properly determined that the verdict was inadequate. While the plaintiff failed to prove the amount of its unbilled attorney's fees, which were merely estimated, the plaintiff did prove a total of $286,777 in damages due to the conversion, including losses attributable to uncollected accounts, staff expenses, and the forensic investigation fee. Accordingly, the jury's total verdict of $144,166 deviated materially from what would be reasonable compensation for the conversion (*see* CPLR 5501 [c]; *Olsen v Burns,* 267 AD2d 366, 367 [1999]; *Rivera v City of New York,* 170 AD2d 591 [1991]).

However, the court erred in entering an unconditional judgment for the plaintiff in the increased amount. "The trial court lacked the power to substitute its determination as to what was an appropriate award for that of the jury" (*Ashton v Bobruitsky,* 214 AD2d 630, 631-632 [1995]). The proper procedure when a damages award is inadequate is to order a new trial on damages unless the defendant stipulates to the increased amount (*see Thompson v Leben Home for Adults,* 39 AD3d 624 [2007]; *Ashton v Bobruitsky,* 214 AD2d 630 [1995]; *Ladd v Parkhurst,* 87 AD2d 971 [1982]; *Kupitz v Elliott,* 42 AD2d 898 [1973]; *see generally O'Connor v Papertsian,* 309 NY 465 [1956]).

The Supreme Court also erred in granting the defendants' motion to set aside the verdict against Coe personally and entering judgment in her favor dismissing the claims asserted against her. "[A] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced" (*American Express Travel Related Servs. Co. v North Atl. Resources,* 261 AD2d 310, 311 [1999]). "Specific to this case, failure to surrender the wrongfully retained chattel either with knowledge of the conversion or upon demand from the rightful owner will give rise to liability" (*American Feeds & Livestock Co. v Kalfco, Inc.,* 149 AD2d 836, 837 [1989]; *see Fitch v TMF Sys.,* 272 AD2d 775 [2000]; *Key Bank of N.Y. v Grossi,* 227 AD2d 841 [1996]). The evidence adduced at trial established that Coe was responsible for the determination to withhold the subject records from the plaintiff, despite the doctor's demands. Accordingly, the jury rationally determined that she was personally liable for the conversion (*see Cohen v Hallmark Cards,* 45 NY2d

493, 499 [1978]). Moreover, the verdict against her was reached upon a fair interpretation of the evidence (*see Grassi v Ulrich,* 87 NY2d 954 [1996]; *Nicastro v Park,* 113 AD2d 129 [1985]). Accordingly, the verdict against Coe should not have been disturbed.

The complaint should have been conformed to the proof adduced at trial (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23 [1981]; *Murray v City of New York,* 43 NY2d 400, 405 [1977]; *AVR Acquisition Corp. v Schorr Bros. Dev. Corp.,* 270 AD2d 372 [2000]; *Harbor Assoc. v Asheroff,* 35 AD2d 667 [1970]).

The defendants' remaining contentions are without merit. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.