SECOND DEPARTMENT, AUGUST, 2008

(August 5, 2008)

■ MARIA ELENA AGUIRRE et al., Respondents-Appellants, v LAWRENCE PAUL et al., Appellants-Respondents. [862 NYS2d 580]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated May 31, 2007, as denied those branches of their renewed motion which were for summary judgment dismissing the complaint or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against the defendant Lawrence Paul in his individual capacity, and denied in part that branch of their renewed motion which was to dismiss the complaint based on spoliation of evidence, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as

granted that branch of the defendants' renewed motion which was to dismiss the complaint based on spoliation of evidence to the extent of directing that an adverse inference charge be given at trial.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendants' renewed motion which was to dismiss the complaint based on spoliation of evidence is denied in its entirety; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants.

In this personal injury action, the plaintiff Maria Elena Aguirre (hereinafter the plaintiff) allegedly fell after tripping on a torn rubber mat in a pet store operated by Coral Aquariums, Inc. (hereinafter Coral). She and her husband commenced the instant action against Coral and its president and sole shareholder, Lawrence Paul. More than one year after the incident, Aguirre discarded the shoes she had been wearing when she fell. The Supreme Court denied those branches of the defendants' renewed motion which were for summary judgment dismissing the complaint or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against Paul in his individual capacity. The court granted that branch of the defendants' renewed motion which was to dismiss the complaint based on spoliation of evidence (Aguirre's shoes) to the extent of directing that an adverse inference charge be given at trial.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Prusak v New York City Hous. Auth.*, 43 AD3d 1022, 1022 [2007]; *see Lewis v Metropolitan Transp. Auth.*, 64 NY2d 670, 671 [1984]; *Birthwright v Mid-City Sec.*, 268 AD2d 401 [2000]). In opposition to the defendants' prima facie showing of their entitlement to summary judgment dismissing the complaint, the plaintiffs raised triable issues of fact as to whether the premises were negligently maintained, whether there was a dangerous condition which caused the plaintiff to fall, and whether the defendants had notice of that dangerous condition. Accordingly, the Supreme Court properly denied that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint.

The Supreme Court also properly denied that branch of the

defendants' renewed motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Paul in his individual capacity. "A corporate officer is not held liable for the negligence of the corporation merely because of his official relationship to it. It must be shown that the officer was a participant in the wrongful conduct" (*Clark v Pine Hill Homes*, 112 AD2d 755 [1985]; *see Bellinzoni v Seland*, 128 AD2d 580 [1987]). " '[I]f a director or officer commits, or participates in the commission of, a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby' " (*Greenway Plaza Off. Park-1 v Metro Constr. Servs.*, 4 AD3d 328, 329-330 [2004], quoting 14A NY Jur 2d, Business Relationships § 763 at 434; *see Van Wormer v McCasland Truck Ctr.*, 163 AD2d 632 [1990]). The defendants failed to make a prima facie showing that the defendant Paul did not participate in the alleged negligent maintenance which led to the plaintiff's injuries.

However, the Supreme Court improperly granted that branch of the defendants' renewed motion which was to dismiss the complaint based on spoliation of evidence to the extent of directing that an adverse inference charge be given at trial. Under the circumstances of this case it was improper to impose any sanctions against the plaintiffs for spoliation of evidence.

In light of the foregoing, we need not reach the plaintiffs' remaining contention. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.