■ SAVANNAH T & T CO., INC., et al., Respondents, v FORCE ONE EXPRESS INC. et al., Appellants. [872 NYS2d 83]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered July 17, 2007, after a nonjury trial, awarding plaintiffs the principal sum of $40,000, unanimously affirmed, with costs.

Plaintiffs, who are importers of food from Ghana, demonstrated at trial that defendants misappropriated a container of yams that they were obligated to deliver to plaintiffs' place of business. Defendants claimed they had a lien on the container and its contents. However, the agreement holding plaintiffs accountable for an unrelated container car that allegedly had been stolen from a third party, on which the purported lien was premised, was drafted by defendants and signed by Edwin Balidin, the corporate plaintiff's principal, under duress, i.e., because defendants refused to release his perishable goods otherwise. Moreover, plaintiffs neither bore responsibility for the theft of the container car nor had an equitable interest in the third party such as would warrant holding them liable for reimbursing defendants for its value.

Unrefuted evidence in the form of Balidin's testimony and an invoice from the African exporters of the yams established that the wholesale value of the misappropriated yams was $40,000.

Defendant Phil Notaro, the corporate defendant's principal, was properly held personally liable for wrongfully withholding plaintiffs' goods from them and for coercing Balidin into signing the purported lien agreement, regardless of whether the corporate veil was pierced (see American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311 [1999]). Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.