■ ANATOLIY SIGAL et al., Respondents, v TOM BROKAW et al., Defendants, and KITTY HAWKS, Appellant. (And a Third-Party Action.) [895 NYS2d 862]—

In an action to recover damages for personal injuries, etc., the defendant Kitty Hawks appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated June 5, 2009, which, inter alia, denied her motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant Kitty Hawks's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Kitty Hawks.

On July 6, 2005, the plaintiff Anatoliy Sigal (hereinafter the injured plaintiff), a painter/plasterer employed by the third-party defendant Arete Group, Inc., allegedly was injured when he fell from a scaffold while in the course of doing renovation work in the New York City residence of the defendants Tom Brokaw and Meredith Brokaw (hereinafter together the Brokaws), pursuant to interior designing services provided by the defendant Kitty Hawks, Inc. (hereinafter KHI). The defendant Kitty Hawks is the president of KHI.

The Supreme Court erred in denying that branch of Hawks's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action. Not only was it undisputed that Hawks was merely an "employee" who was "acting within the scope of her employment" with KHI at the time of the accident, but there were no allegations personally implicating her in the accident, or accusing her of perpetrating a "wrong or injustice against the plaintiff such that a court of equity will intervene" to pierce the corporate veil and impose personal liability upon her (*Treeline Mineola, LLC v Berg*, 21 AD3d 1028, 1029 [2005]; *see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 [1993]; *Matter of Goldman v Chapman*, 44 AD3d 938, 939 [2007]; *Greenway Plaza Off. Park-1 v Metro Constr. Servs.*, 4 AD3d 328, 329-330 [2004]). Accordingly, the Supreme Court should have granted that branch of Hawks's motion.

Hawks's remaining contentions are without merit. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.