11-1695-cv
Krys v. Butt

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT:
>        BARRINGTON D. PARKER,
>        PETER W. HALL,
>        J. CLIFFORD WALLACE,[1]
>                *Circuit Judges*.

---

KENNETH M. KRYS, as joint official liquidators, of SPhinX Ltd., SPhinX Strategy Fund Ltd., SPhinX Plus Spc ltd., SPhinX Distressed Ltd., SPhinX merger arbitrage Ltd., SPhinX Special Situations Ltd., SPhinX Macro Ltd., SPhinX Long/Short Equity Ltd., SPhinX Managed Futures, as assignee of claims assigned by Miami Children's Hospital Foundation, OFI Palmares, Green & Smith Investment Management LLC, Thales Fund Management LLC, Kellner Dileo & Co. LLC, Martingale Asset Management LP, Longacre Fund Management LLC, MARGOT MACINNIS, as assignee of claims assigned by Miami Childrens Hospital Foundation, OFI Asset Management, Green & Smith Investment Management LLC, Thales Fund Management LLC, Kellner Dileo & Co. LLC, Martingale Asset Management LP, Longacre Fund Management LLC, et al., as joint official liquidator of SPhinX Ltd., SPhinX Strategy Fund Ltd., SPhinX Plus SPC LTD, SPhinX Distressed Ltd., SPhinX Merger Arbitrage, Ltd., SPhinX Special Situations Ltd., SPhinX Macro Ltd., et al., THE HARBOUR TRUST CO. LTD., as Trustee of the SPhinX Trust,

*Plaintiffs-Appellants*,

CHRISTOPHER STRIDE, as joint official liquidators, of SPhinX Ltd., SPhinX Strategy Fund Ltd., SPhinX Plus Spc ltd., SPhinX Distressed Ltd., SPhinX merger arbitrage Ltd., SPhinX Special Situations Ltd., SPhinX Macro Ltd., SPhinX Long/Short Equity Ltd., SPhinX Managed Futures, as assignee of claims assigned by Miami Children's Hospital Foundation, OFI Palmares, Green & Smith Investment Management LLC, Thales Fund Management LLC, Kellner Dileo & Co.

---

[1] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

LLC, Martingale Asset Management LP, Longacre Fund Management LLC, JAMES P. SINCLAIR, as Trustee of the SPhinX Trust,

*Plaintiffs*,

v.                              No. 11-1695-cv

RICHARD BUTT,

*Defendant-Appellee.*[2]

FOR PLAINTIFFS-APPELLANTS:        ROBERT MILLS (Andrew Dash, David J. Molton, Brown Rudnick LLP, and Leo R. Beus, Lee M. Andelin, *on the brief*) Beus Gilbert PLLC, Scottsdale, Arizona.

FOR DEFENDANTS-APPELLEES:        JOHN F. CAMBRIA (Amber C. Wessels, Alexander S. Lorenzo, *on the brief*) Alston & Bird LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from the district court's judgment adopting the Special Master's Report and Recommendation and dismissing their state-law breach of fiduciary duty claims—both for direct and aiding and abetting liability—against Defendant-Appellee. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party." *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face."

---

[2] The Clerk of the Court is requested to amend the caption as set forth above.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added and quotation marks omitted). "The plausibility standard is not akin to a *probability* requirement, but it asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Id.* (emphasis added and quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

**I.      Direct Liability**

Under New York law, "[a] fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y.3d 11, 19 (2005) (quotation marks omitted).

> Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions. Generally, where parties have entered into a contract, courts look to that agreement to discover the nexus of the parties' relationship and the particular contractual expression establishing the parties' interdependency. If the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them.

*Id.* at 19-20 (alterations, citations, and quotation marks omitted). "At the heart of the fiduciary relationship lies reliance, and de facto control and dominance." *United States v. Chestman*, 947 F.2d 551, 568 (2d Cir. 1991) (quotation marks and alterations omitted) (citing New York law).

Plaintiffs allege that Butt—an officer at Refco Alternative Investments, Inc. ("RAI")— owed a fiduciary duty to SPhinX Managed Future Funds ("SMFF") and Plus Funds. The district court concluded that Plaintiffs failed to indicate that there was anything about Butt's role as a corporate official that created a personal relationship of trust and confidence and, accordingly, dismissed this claim with prejudice. We agree.

3

As the Special Master correctly explained, *every* allegation in the Amended Complaint (the "complaint") regarding Butt's fiduciary duty is either conclusory or entirely derivative of RAI's duty. While packed with miscellaneous allegations against other people, all the complaint says about Butt was that he was an officer of RAI who oversaw *all* of RAI's commodity pools. Nowhere in their complaint or, for that matter, in their briefs do Plaintiffs tell us why *Butt*—as opposed to RAI—owed them a fiduciary duty. Indeed, when we asked Plaintiffs at oral argument where they had alleged Butt's fiduciary duty, they pointed us to Paragraph 233 of the complaint, which states, in full, that "RAI and Defendant Butt owed PlusFunds and SPhinX fiduciary duties *by virtue of RAI's role executing trades*, providing clearing services, monitoring margin requirements, causing the movement of SPhinX cash, acting as SPhinX's contact in connection with the custody of SPhinX's assets at RCM and other responsibilities delegated RAI and Butt." Such derivative allegations are legally insufficient to state a claim for breach of fiduciary duty against Butt.[3]

Plaintiffs claim support from *Rajeev Sindhwani, M.D., PLLC, v. Coe Business Service, Inc.*, 861 N.Y.S.2d 705 (N.Y. App. Div. 2008), in which the Second Department explained that "[a] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced," *id.* at 709 (quotation

---

[3] *Richardson Greenshields Securities, Inc. v. Mui-Hin Lau*, 693 F. Supp. 1445 (S.D.N.Y. 1988), does not help Plaintiffs. Certainly, "[a] broker who has discretionary powers over an account owes his client fiduciary duties." *Id.* at 1456 (quotation marks omitted). But the complaint, even read liberally in Plaintiffs' favor, does not allege that Butt was a broker or allege facts plausibly suggesting that Butt exercised discretionary powers over their accounts.

4

marks omitted).  *Rajeev Sindhwani*, however, was not a breach of fiduciary duty case.[4]

Moreover, the breach of fiduciary cases Plaintiffs cite for the same proposition, notably *Talansky v. Schulman*, 770 N.Y.S.2d 48, 53 (App. Div. 2003), trace back to the principles set forth in *Wechsler v. Bowman*, 285 N.Y. 284, 291 (1941), the seminal New York case establishing liability for aiding and abetting another's breach of fiduciary duty.  As discussed below, Plaintiffs have failed to allege facts plausibly suggesting that Butt knowingly participated in RAI's breach of fiduciary duty.

## II.     Aiding and Abetting Liability

Indeed, beyond direct liability for one's own actions, New York law recognizes a cause of action for aiding and abetting another's breach of fiduciary duty.  "A claim for aiding and abetting a breach of fiduciary duty requires," inter alia, "that the defendant knowingly induced or participated in the breach."  *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (N.Y. App. Div. 2003).  "Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had *actual knowledge* of the breach of duty."  *Id.* (emphasis added).  "Constructive knowledge of the breach of fiduciary duty by another is legally insufficient to impose aiding and abetting liability."  *Id.*; *see also Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996) ("New York common law . . . has not adopted a constructive knowledge standard for imposing aiding and abetting liability.  Rather, New York courts and

---

[4] To the extent that Plaintiffs think that *Rajeev Sindhwani* automatically extended a corporation's fiduciary duties to all its officers, such a theory is absurd.  As the Special Master's report aptly explained, that principle would make *any* corporate official strictly bound by *all* fiduciary duties of the corporation, regardless of the official's own actions, position, or even awareness.  That is not the law.  *See Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett*, No. 05 Civ. 8988(GEL), 2007 WL 1732427, at *5 (S.D.N.Y. June 14, 2007) ("Even if . . . a [fiduciary] relationship had existed between plaintiffs and RefcoFX, nothing in the complaint suggests that any relationship existed between plaintiffs and RefcoFX's individual officers.  Accordingly, plaintiffs' claims for breach of fiduciary duty must be dismissed.").

federal courts in this district, have required actual knowledge.").[5]

As the Special Master correctly noted, Plaintiffs' aiding-and-abetting claim fails to allege Butt's knowledge of any other party's breach of a fiduciary duty. Plaintiffs contend that Butt knew about the segregation requirements, knew that Plaintiffs' cash was being transferred from segregated accounts at Refco LLC to unsegregated accounts at RCM, and knew that such transfers left the cash exposed to Refco's bankruptcy. Even reading these allegations in the light most favorable to Plaintiffs, however, they do not plausibly suggest that Butt actually knew the transfers violated anyone's fiduciary duty. Plaintiffs claim (maybe correctly) that some Refco party breached its fiduciary duty by transferring money to unsegregated accounts *without authorization*. They never allege, however, that Butt knew the transfers were unauthorized. That deficiency is fatal. Without such knowledge, the notion that Butt helped others breach their fiduciary duties "stops short of the line between possibility and plausibility of entitlement to relief." *See Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

## III. Conclusion

We have considered Plaintiffs' other arguments and conclude that they are without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] Lower courts disagree whether conscious avoidance is legally equivalent to actual knowledge. *Compare In re Refco Secs. Litig.*, 759 F. Supp. 2d 301, 334 (S.D.N.Y. 2010) *and Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 368 (S.D.N.Y. 2007) *with Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 446 F. Supp. 2d 163, 202, n. 273 (S.D.N.Y. 2006). The complaint, however, does not allege facts plausibly suggesting that Butt actually suspected a breach of fiduciary duty and willfully avoided confirming his suspicions. Thus, we need not resolve the question on this appeal.

6