■ RACHEL JACOBOWITZ et al., Respondents, v K.J. HOUSING COMPANY, INC., et al., Appellants. [3 NYS3d 99]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Orange County (Sciortino, J.), dated April 2, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rachel Jacobowitz (hereinafter the infant plaintiff), allegedly fell and was injured while ascending the exterior stairs leading to the plaintiffs' apartment. The infant plaintiff, by her mother, and the mother derivatively, commenced this action against the defendants, the owners and operators of the apartment building, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

The owner or possessor of property has a duty to maintain its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). A landowner moving for summary judgment in a premises liability case has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Ramirez v Saka*, 76 AD3d 673, 674-675 [2010]; *Aguirre v Paul*, 54 AD3d 302, 303 [2008]).

Here, the defendants did not establish their prima facie entitlement to judgment as a matter of law. There are triable issues of fact with respect to whether they created a dangerous condition by improperly repairing a handrail on the exterior stairs that lead to the plaintiffs' apartment (*see Scialpi v Island Right Homes*, 304 AD2d 551 [2003]; *Spencer v Geiger*, 269 AD2d 522, 523 [2000]). The defendants' failure to sustain their burden required the denial of the motion, regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, the plaintiffs' remaining contention has been rendered academic.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.