In an action, inter alia, to recover damages for conversion and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated January 7, 2016, as granted those branches of the motion of the defendants American Artisan Construction, Inc., and John Cina which were pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the causes of action alleging conversion and fraud insofar as asserted against the defendant John Cina.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants American Artisan Construction, Inc., and John Cina which were pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the causes of action alleging conversion and fraud insofar as asserted against the defendant John Cina are denied.
 

 The plaintiff, a corporation that supplies and installs stone for use in residential and commercial buildings, agreed to supply and install limestone for a property owned by the defendant Joseph Vitacco. The plaintiff contracted with the defendant American Artisan Construction, Inc. (hereinafter Artisan), whose president is the defendant John Cina (hereinafter, together with Artisan, the defendants), to obtain and deliver the limestone from a quarry in Portugal. During the course of the work, Vitacco refused to release a progress payment to the plaintiff, claiming that one of the shipments of limestone had not contained the agreed-upon quantity.
 

 The plaintiff, believing that the purportedly missing limestone had been stolen from the property, ordered and paid Artisan for replacement limestone. The replacement limestone was rejected by Vitacco because it did not match the other limestone. Artisan agreed to pick up the replacement limestone from the plaintiff, repolish it, and return it to the plaintiff. The plaintiff alleged that, instead, the defendants arranged with Vitacco for Vitacco to pick up the limestone and bring it to the property, even though he had not paid for the “missing” or replacement limestone.
 

 Additionally, the plaintiff alleged that it eventually determined that no limestone actually had been stolen from the property, but, rather, that Artisan had failed to ship some of the limestone that had been ordered. According to the plaintiff, Cina misrepresented to it that all of the limestone had been delivered, with the intent that the plaintiff would rely upon the misrepresentation and order and pay for replacement limestone.
 

 The plaintiff commenced this action alleging, among other things, causes of action sounding in conversion and fraud against the defendants. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) and 3212 to dismiss those causes of action insofar as asserted against Cina, on the basis that “at all times [Cina] was acting in his capacity as an officer of [Artisan], and not in his individual capacity.” The Supreme Court granted those branches of the defendants’ motion.
 

 “A director or officer of a corporation does not incur personal liability for its torts merely by reason of his [or her] official character” (Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d 328, 329 [2004] [internal quotation marks omitted]), and thus, cannot be liable for torts “attributable to the corporation if he [or she] did not participate in and was not connected with the acts in any manner” (PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970, 973 [2012] [internal quotation marks omitted]). However, “ ‘[a] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced’ ” (Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d 674, 677 [2008], quoting American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311 [1999]).
 

 Here, the Supreme Court incorrectly directed the dismissal of the causes of action alleging conversion and fraud insofar as asserted against Cina on the ground that there was “no basis on which to pierce the corporate veil.” The complaint adequately alleged that Cina participated in the act allegedly constituting conversion by asserting that Cina arranged to have the replacement limestone delivered to Vitacco instead of the plaintiff, and that he participated in the alleged fraud by knowingly misrepresenting the facts regarding the delivery of the original limestone, with the intent of inducing the plaintiffs detrimental reliance. That Cina’s alleged conduct may have been committed “on behalf of the corporation in the course of official duties” does not prevent liability from being imposed upon him (Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d at 677; see PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d at 973; Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 116 [2009]; Aguirre v Paul, 54 AD3d 302 [2008]; Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d at 329-330). Accordingly, the defendants were not entitled to dismissal of the causes of action asserted against Cina pursuant to CPLR 3211 (a) (7).
 

 Moreover, Cina’s affidavit, in which he merely averred that he never acted in a “personal capacity” with respect to the relevant transactions, was insufficient to demonstrate prima facie entitlement to judgment as a matter of law dismissing the conversion and fraud causes of action insofar as asserted against him (see Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d at 329-330). Thus, without regard to the sufficiency of the opposition papers, the defendants were not entitled to dismissal of those causes of action insofar as asserted against Cina pursuant to CPLR 3212 (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Accordingly, the Supreme Court should have denied those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the causes of action alleging conversion and fraud insofar as asserted against Cina.
 

 Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.